**McClellan Bernstiel, LLP**
George McClellan, Esquire
Cynthia L. Bernstiel, Esquire
   *(admitted Pro Hac Vice)*
103 Carnegie Center, Suite 300
Princeton, NJ 08540
609-200-0570
efax – 888-468-0129
george@mcbelegal.com
cyndi@mcbelaw.com

*Attorneys for Defendant,*
*Chubb Insurance Company of New Jersey*

### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| _____ | : | |
| RAMISH SAWHNEY and | : | CIVIL ACTION |
| NINA BHARDWAJ | : | |
| | : | Docket No. 2:21-cv-14675 |
| Plaintiffs, | : | |
| vs. | : | |
| | : | **ANSWER WITH DEFENSES OF** |
| CHUBB INSURANCE COMPANY | : | **DEFENDANT CHUBB  INSURANCE** |
| OF NEW JERSEY | : | **COMPANY OF NEW JERSEY TO** |
| | : | **PLAINTIFFS' COMPLAINT** |
| Defendant. | : | |
| | : | |
| _____ | : | |

Defendant Chubb Insurance Company of New Jersey ("Chubb Insurance"), by and

through its undersigned counsel, McClellan Bernstiel, LLP, hereby submits this Answer with

Defenses to the Complaint of Plaintiffs Ramish Sawhney and Nina Bhardwaj ("Plaintiffs"), and

in support thereof avers as follows:

1.      Denied as stated. Chubb Insurance admits only that Plaintiffs submitted an

insurance claim under a policy of insurance issued by Chubb Insurance, policy number

14473380-01 (the "Policy"), to which Chubb Insurance thereafter assigned claim number 047519006886 (the "Claim"), which Claim related to a tree falling on the roof of Plaintiffs' home located at 45 Oak Bend Road South, West Orange, New Jersey 07052 (the "Property") on or about February 25, 2019 (hereinafter "the Loss"). Chubb Insurance specifically denies Plaintiffs' characterization that the Loss resulted in water "seep[ing] in throughout [Plaintiffs'] house." By way of further answer, Chubb Insurance's adjustment and investigation of Plaintiffs' Claim indicates that the tree falling on the Property caused water to enter only certain areas of the Property including the attic underneath where the tree fell and upstairs bedroom areas and not the entire home which totals almost 13,000 square feet.

1(a)    Denied. Chubb Insurance denies that it ever took possession of Plaintiffs' "extensive art collection." By way of further answer, Chubb Insurance took possession of only certain pieces of Plaintiffs' art in connection with its adjustment of the Claim. By way of further answer, the term "museum quality" contained in paragraph 1(a) of Plaintiffs' Complaint is vague and undefined, and Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegation using this term, which allegation is therefore denied. After reasonable investigation, Chubb Insurance is also without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiffs' art collection was appraised by independent experts at more than $5.4 million, which allegation is also denied. Chubb Insurance admits only that to date, it has paid Plaintiffs for damage for certain artwork that its Claim adjustment revealed was caused by the Loss, but that amount is $141,767.72, not $141,767.12 as pleaded by Plaintiffs.

1(b)    Denied. Chubb Insurance specifically denies that it requested that Plaintiffs submit to Examinations Under Oath because it "apparently realized that [their] artwork was

2

much more valuable than it understood."  By way of further answer, pursuant to the "Your duties after a loss" provision contained in the Policy, Chubb Insurance requested on February 18, 2021 that Plaintiffs submit to Examinations Under Oath and produce supporting claim documents and information because Plaintiffs had recently indicated their intention to substantially increase the scope of the Claim to include each and every piece of art in their collection, located all over their approximately 13,000 square foot home, including art located in areas that did not appear to be affected by the Loss. Chubb Insurance requested that Plaintiffs appear for Examinations Under Oath as part of its ongoing investigation of the Claim, and to determine whether the additional items Plaintiffs indicated they would be claiming were damaged as a result of the Loss.

1(c)    Denied.  Chubb Insurance specifically denies that it cannot provide Plaintiffs with an accurate inventory of the art that was removed from the Property.  By way of further answer, Chubb Insurance has already provided Plaintiffs with such inventories.

1(d)    Denied.  Chubb Insurance denies that it cannot provide a clear explanation of its claim payments to date to Plaintiffs.  By way of further answer, when Chubb Insurance issued its initial payment, as well as its three (3) supplemental payments to Plaintiffs, it explained the basis for such payments.  By way of further answer, on July 15, 2021, Chubb Insurance again provided Plaintiffs with a written explanation of each of its prior Claim payments in response to a request from their counsel.  *See* July 15, 2021 letter from counsel for Chubb Insurance, Cynthia Bernstiel, Esquire to counsel for Plaintiffs, Richard Fogel, Esquire.

1(e)    Denied.  After reasonable investigation, Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1(e) of Plaintiffs' Complaint, which allegations are therefore denied.

## Jurisdiction, Venue and Parties

2.      Denied as stated.  Chubb Insurance admits only that in the above-captioned lawsuit, Plaintiffs purport to seek insurance coverage for the Claim under the Policy.   Chubb Insurance expressly denies that it committed any breaches of the Policy, violations of the New Jersey Consumer Fraud Act or that it converted Plaintiffs' artwork.

3.      Denied as stated.  Chubb Insurance admits only that Plaintiffs submitted the Claim under the Policy.  A true and correct copy of the Policy is attached hereto as Exhibit "A." The Policy, being a writing, speaks for itself, and Chubb Insurance specifically denies any attempted characterization of the Policy's terms, conditions, and/or limitations by Plaintiffs.

4.      Denied.  After reasonable investigation, Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of Plaintiffs' Complaint, which allegations are therefore denied.

5.      Denied.  After reasonable investigation, Chubb Insurance is without sufficient knowledge or information to form a belief  as to the truth of the allegations in paragraph 5 of Plaintiffs' Complaint, which allegations are therefore denied.

6.      Denied as stated.  Chubb Insurance admits only that it is a New Jersey corporation and that its principal place of business is located in New Jersey.

7.      Chubb Insurance admits that the Plaintiffs are seeking damages in excess of $75,000 in this lawsuit.

8.      Admitted.

9.      Denied.  The allegation contained in paragraph 9 of Plaintiffs' Complaint is a conclusion of law to which no responsive pleading is required.   This allegation is therefore deemed denied.  To the extent any response is deemed necessary, Chubb Insurance admits only

4

that Plaintiffs' Claim relates to a loss at the Property, which is located at 45 Oak Bend Road

South, West Orange, New Jersey 07052.  Chubb Insurance specifically denies that it made any

"omissions" as it concerns Plaintiffs' Claim.

### Facts

10.     Denied as stated.  Chubb Insurance admits only that it issued the Policy to

Plaintiffs which provided insurance for the Property subject to certain terms, exclusions,

agreements, conditions and limitations.  By way of further answer, the Policy is a writing which

speaks for itself regarding all of its terms, exclusions, agreements, conditions and limitations,

including its effective dates, and Chubb Insurance expressly denies any characterization of the

Policy by Plaintiffs.

11.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient

knowledge or information to form a belief  as to the truth of the allegation regarding the

approximate age of the Property, which allegation is therefore denied.  The terms "large" as used

by Plaintiffs to describe both their home and the property on which it is situated and "park-like

setting" as used by Plaintiffs to characterize the land on which the home is situated are vague and

undefined.  Chubb Insurance is without sufficient knowledge or information to form a belief as

to the truth of the allegations contained in paragraph 11 of Plaintiffs' Complaint using these

terms, which allegations are therefore denied.

12.     Denied as stated.  Chubb Insurance admits only that it issued the Policy to

Plaintiffs which provided insurance for the Property subject to certain terms, exclusions,

agreements, conditions and limitations.  By way of further answer, the Policy is a writing which

speaks for itself regarding all of its terms, exclusions, agreements, conditions and limitations,

including its coverage limits, and Chubb Insurance expressly denies any characterization of the Policy by Plaintiffs.

13.     Denied as stated.  Chubb Insurance admits only that it issued the Policy to Plaintiffs which provided insurance for the Property subject to certain terms, exclusions, agreements, conditions and limitations.  By way of further answer, the Policy is a writing which speaks for itself regarding all of its terms, exclusions, agreements, conditions and limitations, including its coverage limits, and Chubb Insurance expressly denies any characterization of the Policy by Plaintiffs.

14.     Denied.  To date, Plaintiffs have failed to comply with the Policy's "Your duties after a loss" provision because they have failed to appear for Examinations Under Oath as requested by Chubb Insurance, failed to provide supporting claim documents and information as requested by Chubb Insurance, and failed to provide a fully executed Sworn Statement in Proof of Loss with an inventory and supporting documentation as requested by Chubb Insurance.

15.     Denied as stated.  Chubb Insurance admits only that on February 25, 2019, Plaintiffs provided Chubb Insurance with notice that a tree had fallen on the roof of their Property and that they intended to submit a claim related to the Loss, to which Chubb Insurance thereafter assigned claim number 047519006886.

16.     Denied.   Chubb Insurance denies that an engineer inspected the Property on its behalf on February 26, 2019.  By way of further answer, Chubb Insurance did immediately respond after Plaintiffs provided notice of the Loss on February 25, 2019, and Senior Claim Specialist William Michael McCudden ("Mr. McCudden") and a representative from Gemini Restoration Incorporated inspected the property the next day (February 26, 2019).  By way of

further answer, an engineer from Applied Engineering thereafter inspected the property on

Chubb Insurance's behalf on March 6, 2019, March 29, 2019 and August 12, 2019.

17.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient

knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of

Plaintiffs' Complaint, which allegations are therefore denied.

18.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient

knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of

Plaintiffs' Complaint, which allegations are therefore denied.

19.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient

knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of

Plaintiffs' Complaint, which allegations are therefore denied.

20.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient

knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of

Plaintiffs' Complaint, which allegations are therefore denied.

21.     Denied as stated.  Chubb Insurance denies Plaintiffs' characterization that it

retained AIQ to review artwork that was "affected by the moisture."  Chubb Insurance admits

only that in March 2019, following Plaintiffs' report of the Loss, it requested that Asset IQ

("AIQ") and its representative, Diane Forstell ("Ms. Forestell), inspect art located in areas that

were impacted by water leaking through the damaged roof at the Property.  By way of further

answer, the email correspondences from Diane Forstell of AIQ referenced in paragraph 21 of

Plaintiffs' Complaint are writings which speak for themselves regarding their contents, and

Chubb Insurance expressly denies any characterization of those email correspondences by

Plaintiffs.

22.     Denied as stated.  Chubb Insurance admits only that when Ms. Forestell of AIQ first went to the Property on March 16, 2019, nineteen (19) days after Plaintiffs' first loss report on February 25, 2019, Chubb Insurance had just started adjusting the Claim and had not disclaimed coverage or issued a reservation of rights letter to Plaintiffs.

23.     Denied as stated.  Chubb Insurance admits only that Ms. Forstell is an art appraiser who is qualified to ascertain and appraise damage to artwork based upon her decades of experience handling losses involving thousands (and sometimes tens of thousands) pieces of art.

24.     Denied as stated.  The term "expertise" as contained in paragraph 24 of Plaintiffs' Complaint is vague and undefined, and Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegation containing this term, which allegation is therefore denied.   By way of further answer, during Ms. Forstell's decades of experience appraising damage to artwork, she has examined assorted rock and roll items.

25.     Denied as stated.  Chubb Insurance admits only that on March 16, 2019, Ms. Forstell of AIQ made the first of several inspections at the Property.  Chubb Insurance specifically denies that on March 16, 2019, Ms. Forstell inspected any rock and roll memorabilia at the Property.  Chubb Insurance further specifically denies that on March 16, 2019, Ms. Forstell inspected artwork or rock and roll memorabilia "throughout [Plaintiffs'] entire house." Ms. Forstell's March 16, 2019 inspection included items of artwork in the attic and bedroom areas the Property affected by the tree fall, artwork in an adjacent area of the attic and other pieces shown to her by Plaintiffs which were then located in their greenhouse.

26.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 of Plaintiffs' Complaint, which allegations are therefore denied.

27.     Denied.  Chubb Insurance denies that Plaintiff repeatedly asked Chubb Insurance to pay for McGowan's services.  By way of further answer, since Plaintiffs never made such requests to Chubb Insurance, Chubb Insurance denies that it did (or could have) refused them.

28.     Denied as stated.  Chubb Insurance admits only that between May 8, 2019 and April 28, 2020, Mr. McGowan (on behalf of Plaintiffs) communicated and met with Ms. Forestell, and communicated with Mr. McCudden regarding the Claim.

29.     Denied as stated.  Chubb Insurance admits only that Mr. McGowan, on behalf of Plaintiffs, prepared and provided Chubb Insurance with a preliminary triage proposal dated April 26, 2019 in which he listed a cost of $27,380.00 for, among other things, a basic cleaning (i.e. – wiping down) of damaged artwork.  By way of further answer, Mr. McGowan's April 26, 2019 proposal is a writing which speaks for itself regarding its contents, and Chubb Insurance expressly denies any characterization of this document by Plaintiffs.

30.     Denied.  The email correspondences referenced in paragraph 30 of Plaintiffs' Complaint are writings which speaks for themselves regarding their contents, and Chubb Insurance expressly denies any characterization of these email correspondences by Plaintiffs.

31.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of Plaintiffs' Complaint, which allegations are therefore denied.

32.     Denied.  The terms "the artwork" and "the art" as contained in paragraph 32 of Plaintiffs' Complaint are vague and undefined, and Chubb Insurance is without sufficient

knowledge or information to form a belief as to the truth of the allegations containing these terms which allegations are therefore denied.   By way of further answer, Chubb Insurance admits only that in April 2019, Chubb Insurance and Mr. McGowan discussed transporting from the Property those items of art that were damaged as a result of the Loss.  Chubb Insurance specifically denies that it had any discussions with Plaintiffs, or any of their representatives, about moving Plaintiffs' entire art collection from the Property, at any time.

33.    Denied.  Chubb Insurance has no way of knowing Plaintiffs' belief, as set forth in paragraph 33 of their Complaint, based upon unidentified emails between the parties and unidentified consultants, about the "original purpose" of moving and storing the unidentified items of art.  By way of further answer, any email correspondences to which Plaintiffs may be referring in paragraph 33 of their Complaint are writings which speak for themselves regarding their contents and Chubb Insurance specifically denies any characterization by Plaintiffs of same.

34.    Denied.  The AIQ report referenced in paragraph 34 of Plaintiffs' Complaint is a writing which speaks for itself regarding its contents, and Chubb Insurance specifically denies any characterization by Plaintiffs of same.  By way of further answer, Ms. Forstell noted in her report referenced in paragraph 34 of Plaintiffs' Complaint that it was an interim content damage report, and that she was waiting for additional information from Plaintiffs which she needed to determine pricing for several open items.

35.    Denied as stated.  Chubb Insurance admits only that Ms. Forstell from AIQ and Mr. McGowan met at the Property on May 8, 2019.   Chubb Insurance specifically denies that Ms. Forstell and Mr. McGowan reviewed "the art collection" of Plaintiffs on May 8, 2019.  By way of further answer, at that meeting, Ms. Forstell and Mr. McGowan examined the Loss site as well as individual pieces of art within areas affected by the Loss or which contained possible

damage related to the Loss.  By way of further answer, Chubb Insurance denies any characterization by Plaintiffs of statements made by Ms. Forstell of AIQ at the referenced May 8, 2019 meeting.

36.    Denied.  Chubb Insurance denies that Ms. Forstell of AIQ has failed to explain to Plaintiffs her qualifications as set forth in Chubb Insurance's response to paragraph 23 of Plaintiffs' Complaint.

37.    Denied.  Chubb Insurance denies that Ms. Forstell of AIQ  has failed to discuss with Plaintiffs how she evaluated their art that she examined, which evaluation also included input from conservators on behalf of Chubb Insurance, which conservators Chubb Insurance has identified to Plaintiffs.

38.    Denied.  The AIQ report referenced in paragraph 38 of Plaintiffs' Complaint is a writing which speaks for itself regarding its contents, and Chubb Insurance specifically denies any characterization by Plaintiffs of same.  By way of further answer, Chubb Insurance specifically denies Plaintiffs' characterization of this document as "cryptic."  By way of further answer, Chubb Insurance advised Plaintiffs that the notation of "TL" by Ms. Forstell next to certain items in her referenced report reflected her opinion that said items were a total loss.

39.    Denied.  The email correspondences referenced in paragraph 39 of Plaintiffs' Complaint are writings which speak for themselves regarding their contents, and Chubb Insurance specifically denies any characterization by Plaintiffs of same.  By way of further answer, as noted in Chubb Insurance's answer to paragraph 34 of Plaintiffs' Complaint.  Ms. Forstell specifically noted in her May 7, 2019 report that said report was an interim, and not a final, content damage report.

40.    Admitted.

41.     Denied.  Chubb Insurance denies that it never provided Plaintiffs with any clear explanation regarding the amount of the check it issued them on May 24, 2019.  By way of further answer, Chubb initially issued this payment on May 13, 2019, at which time it also sent Plaintiffs email correspondence containing an explanation that said payment was for damage to contents related to the Loss based upon AIQ's May 7, 2019 interim report, which report it attached to said email correspondence.  Plaintiff Nina Bhardwaj sent responsive correspondence to Chubb Insurance requesting a stop payment on this check as Plaintiffs would not be home to accept it.  Chubb Insurance complied with this request, and Plaintiffs authorized Chubb Insurance to reissue said payment which it did on May 24, 2019.  By way of further answer, in response to questions by counsel for Plaintiffs, on July 15, 2021, Chubb Insurance again provided Plaintiffs with a detailed explanation of its May 24, 2019 payment.  *See* July 15, 2021 correspondence from counsel for Chubb Insurance to counsel for Plaintiffs attached as Exhibit "B".

42.     Denied as stated.  The term "the art claim" as contained in paragraph 42 of Plaintiffs' Complaint is vague and undefined and Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegation containing this term.  By way of further answer, at the time Chubb Insurance issued its first payment to Plaintiffs on May 24, 2019, it made Plaintiffs aware that said payment was made based upon Ms. Forstell's interim contents report and not on a final report regarding damage to Plaintiffs' art affected by the Loss.  By way of further response, Chubb Insurance did issue a partial disclaimer letter to Plaintiffs on April 15, 2019.  *See* April 15, 2019 correspondence from Mr. McCudden to Plaintiffs, attached as Exhibit "C".

43.     Denied as stated.  Chubb Insurance admits only that Ms. Forstell issued a supplemental report on May 31, 2019, which report is a writing which speaks for itself and Chubb Insurance denies any characterization of same by Plaintiffs.  By way of further answer, Ms. Forstell's supplemental report incorporated additional information she had received from the insureds since she issued her first report on May 15, 2019.  Chubb Insurance specifically denies that it failed to advise Plaintiffs how the numbers in Ms. Forstell's May 31, 2019 supplemental report were calculated, or that it failed to advise Plaintiffs of the basis for its supplemental payment to Plaintiffs on June 19, 2019 which was based upon said report.  By way of further answer, when Chubb Insurance issued its supplemental payment to Plaintiffs on June 19, 2019, it included an explanation that said payment was for damage to contents affected by the Loss based upon AIQ's May 31, 2019 report, which report it included with this payment.  By way of further answer, in response to questions by counsel for Plaintiffs, on July 15, 2021, Chubb Insurance again provided Plaintiffs with a detailed explanation of its June 19, 2019 payment.  *See* July 15, 2021 correspondence from counsel for Chubb Insurance to counsel for Plaintiffs attached as Exhibit "B".

44.     Admitted.

45.     Denied.  When Chubb Insurance issued its supplemental payment to Plaintiffs on June 19, 2019, it included an explanation that said payment was for damage to contents affected by the Loss based upon AIQ's May 31, 2019 report, which report it included with this payment.  By way of further answer, in response to questions by counsel for Plaintiffs, on July 15, 2021, Chubb Insurance again provided Plaintiffs with a detailed explanation of its June 19, 2019 payment.  *See* July 15, 2021 correspondence from counsel for Chubb Insurance to counsel for Plaintiffs attached as Exhibit "B".

46.     Denied as stated.  The term "the art claim" as contained in paragraph 46 of Plaintiffs' Complaint is vague and undefined, and Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegation containing this term. By way of further answer, at the time Chubb Insurance issued its supplemental payment to Plaintiffs on June 19, 2019, it made Plaintiffs aware that said payment was made based upon Ms. Forstell's contents report dated May 31, 2019, an interim report regarding damage to Plaintiffs' art related to the Loss.  By way of further answer, Chubb Insurance did issue a partial disclaimer letter to Plaintiffs on April 15, 2019.  *See* April 15, 2019 correspondence from Mr. McCudden to Plaintiffs, attached as Exhibit "C."

47.     Denied.  The email correspondences referenced in paragraph 47 of Plaintiffs' Complaint are writings which speak for themselves regarding their contents, and Chubb Insurance denies any characterization by Plaintiffs of same.

48.     Denied as stated.  Chubb Insurance admits only that Ms. Forstell issued a supplemental report on July 15, 2019, which report is a writing which speaks for itself and Chubb Insurance denies any characterization of same by Plaintiffs.  By way of further answer, Ms. Forstell's July 15, 2019 report incorporated information from her July 2019 discussions with the insured's representative (Mr. McGowan) as well as estimates Mr. McGowan had provided Forestell to restore or clean Plaintiffs' art that was damaged as a result of the Loss.  Chubb Insurance specifically denies that it failed to advise Plaintiffs how the numbers in Ms. Forstell's July 15, 2019 report were calculated.  Chubb Insurance further denies that it failed to advise Plaintiff of the basis for its supplemental payment to Plaintiffs, which payment it issued on July 18, 2019, not July 23, 2019 as pleaded by Plaintiffs.  When Chubb Insurance issued its supplemental payment to Plaintiffs on July 18, 2019, it included an explanation that said

payment was for damage to contents related to the Loss based upon AIQ's July 15, 2019 report, which report it included with this payment.  By way of further answer, in response to questions by counsel for Plaintiffs, on July 15, 2021, Chubb Insurance again provided Plaintiffs with a detailed explanation of its July 18, 2019 payment.  *See* July 15, 2021 correspondence from counsel for Chubb Insurance to counsel for Plaintiffs attached as Exhibit "B".

49.     Admitted.

50.     Denied.  Before Chubb Insurance issued its supplemental payment to Plaintiffs on July 18, 2019, it included an explanation that said payment was for damage to contents related to the Loss based upon AIQ's July 15, 2019 report, which report it included with this payment.  By way of further answer, in response to questions by counsel for Plaintiffs, on July 15, 2021, Chubb Insurance again provided Plaintiffs with a detailed explanation of its supplemental payment issued on July 18, 2019.  *See* July 15, 2021 correspondence from counsel for Chubb Insurance to counsel for Plaintiffs attached as Exhibit "B".

51.     Denied as stated.  The term "the art claim" as contained in paragraph 51 of Plaintiffs' Complaint is vague and undefined and Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegation containing this term. By way of further answer, at the time Chubb Insurance issued its supplemental payment to Plaintiffs on July 18, 2019, it advised Plaintiffs that said payment was made based upon Ms. Forstell's July 15, 2019 report, an interim report regarding damage to Plaintiffs' art related to the Loss.  By way of further response, Chubb Insurance did issue a partial disclaimer letter to Plaintiffs on April 15, 2019.  *See* April 15, 2019 correspondence from William Michael McCudden to Plaintiffs, attached as Exhibit "C".

52.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient

knowledge or information to form a belief as to the truth of the allegations in paragraph 52 of Plaintiffs' Complaint, which allegations are therefore denied.

53.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53 of Plaintiffs' Complaint, which allegations are therefore denied.

54.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54 of Plaintiffs' Complaint, which allegations are therefore denied.

55.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 55 of Plaintiffs' Complaint, which allegations are therefore denied.

56.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56 of Plaintiffs' Complaint, which allegations are therefore denied.

57.     Denied as stated.  The term "the Kagan report" as contained in paragraph 57 of Plaintiff's Complaint, is vague and does not specify the date or any other identifying information regarding said report.  Accordingly, Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57 of Plaintiffs' Complaint regarding said report, which allegations are therefore denied.

58.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 58 of Plaintiffs' Complaint, which allegations are therefore denied.

59.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 59 of Plaintiffs' Complaint, which allegations are therefore denied.

60.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 60 of Plaintiffs' Complaint, which allegations are therefore denied.

61.     Denied.  The report referenced in paragraph 61 of Plaintiffs' Complaint and attached as Exhibit "I" thereto is a writing which speaks for itself regarding its contents, and Chubb Insurance denies any characterization by Plaintiffs of same.

62.     Admitted to the extent that the "Linsner report" referenced in paragraph 62 of Plaintiffs' Complaint references Mr. Linsner's February 29, 2020 report which is attached to Plaintiffs' Complaint as Exhibit "I".

63.     Denied.  Chubb Insurance is without knowledge or information sufficient to respond to the vague allegation contained in paragraph 63 of Plaintiffs' Complaint that "Linsner later amended his report to add a few additional items."  By way of further answer, any reports authored by Mr. Linsner as referenced in paragraph 63 of Plaintiffs' Complaint are writings which speaks for themselves regarding their contents, and Chubb Insurance denies any characterization by Plaintiffs of same.

64.     Denied as stated.  Chubb Insurance admits only that Ms. Forstell from AIQ issued an amended report on April 16, 2020, which report is a writing which speaks for itself, and Chubb Insurance denies any characterization of same by Plaintiffs.  Chubb Insurance specifically denies that it failed to advise Plaintiffs how the numbers in AIQ's April 16, 2020 report were calculated or that it failed to advise Plaintiffs of the basis for its supplemental payment on April

17

29, 2020.  By way of further answer, before Chubb Insurance issued its supplemental payment to Plaintiffs on April 29, 2020, it provided them with an explanation that said payment was for damage to contents related to the Loss based upon AIQ's April 16, 2020 report, which report it included with this payment.  By way of further answer, in response to questions by counsel for Plaintiffs, on July 15, 2021, Chubb Insurance again provided Plaintiffs with a detailed explanation of its April 29, 2020 payment.  *See* July 15, 2021 correspondence from counsel for Chubb Insurance to counsel for Plaintiffs attached as Exhibit "B".

65.     Denied.  Chubb Insurance denies that it removed art from the Property in or around May 2020.  By way of further answer, with the full knowledge and cooperation of Plaintiffs, Aiston Fine Art Services removed some of Plaintiffs' art from the Property, as well as Plaintiffs' property in New York, on five separate dates between June 1, 2020 and June 8, 2020.  Plaintiffs were fully aware of this move, and Plaintiff Ramesh Sawhney was present during moves from Plaintiffs' New Jersey property and participated in same by advising movers on numerous occasions which items they should take.

66.     Denied.  Chubb Insurance specifically denies that "at this time" (i.e. – August 6, 2021, the date Plaintiffs filed their Complaint) Plaintiffs had "no idea what specific art or memorabilia was taken by Chubb's contractors and where the items were taken or stored."  By way of further answer, in addition to Plaintiff Ramesh Sawhney being present when Plaintiffs' art was moved from the New Jersey Property and helping to direct that move, counsel for Chubb Insurance specifically advised Plaintiffs in correspondences dated June 30, 2021 and July 15, 2021 of the location of Plaintiffs' art work which was moved on behalf of Chubb Insurance.  *See* correspondences from counsel for Chubb Insurance to counsel for Plaintiffs dated June 30, 2021 (attached as Exhibit "D") and July 15, 2021 (attached as Exhibit "B").

67.     Denied.  Chubb Insurance specifically denies that "at this time" (i.e. – August 6, 2021, the date Plaintiffs filed their Complaint) Plaintiffs had "no idea what the Chubb contractors did with the items that were taken by Chubb."  By way of further answer, in addition to Plaintiff Ramesh Sawhney being present when Plaintiffs' art was moved from the New Jersey Property and helping to direct that move, counsel for Chubb Insurance specifically advised Plaintiffs in correspondences dated June 30, 2021 and July 15, 2021 of the location of Plaintiffs' art which was moved on behalf of Chubb Insurance.  *See* correspondences from counsel for Chubb Insurance to counsel for Plaintiffs dated June 30, 2021 (attached as Exhibit "D") and July 15, 2021 (attached as Exhibit "B").

68.     Denied.  Chubb Insurance denies the implication in paragraph 68 of Plaintiffs' Complaint that it failed to advise Plaintiffs where their art work was taken and stored.  Chubb Insurance specifically advised Plaintiffs that some of their art was located at AIQ's facility in Connecticut and other art was located at Aiston's facility in Long Island City, New York.

69.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 69 of Plaintiffs' Complaint, which allegations are therefore denied.

70.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 70 of Plaintiffs' Complaint, which allegations are therefore denied.

71.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 71 of Plaintiffs' Complaint, which allegations are therefore denied.

72.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 72 of Plaintiffs' Complaint, which allegations are therefore denied.

73.     Denied.  The correspondence dated May 1, 2020 referenced by Plaintiffs in paragraph 73 of their Complaint is a writing which speaks for itself regarding its contents, and Chubb Insurance denies any characterization of this correspondence by Plaintiffs.

74.     Denied.  The allegation in paragraph 74 of Plaintiffs' Complaint that Chubb Insurance issued at "untimely reservation of rights letter" is a conclusion of law to which no response is required.  This allegation is therefore deemed denied.  By way of further answer, Chubb specifically denies that it sent Plaintiffs its May 1, 2020 correspondence because it received reports from Plaintiffs' representatives (Kagan and Linsner) and "realized that the art claim was worth far more than what AIQ told Chubb."  Rather, Chubb issued its May 1, 2020 correspondence in response to representations by Plaintiff Ramesh Sawhney that Plaintiffs were expanding the Claim to include each and every piece of art in their collection, including art located in areas of the Property that were not affected by the Loss.

75.     Denied.  Chubb Insurance specifically denies that its understanding of the Claim changed in May 2020 when it "realized that [Plaintiffs'] art was worth millions of dollars and that [it] had 'botched' the handling of the claim."  Chubb Insurance expressly denies that it "botched" the handling of the Claim in any fashion.  By way of further answer, Chubb Insurance sent Plaintiffs a detailed reservation of rights letter on May 1, 2020 and thereafter requested that Plaintiffs appear for Examinations Under Oath and produce additional supporting claim documents and information, including a Sworn Statement in Proof of Loss, after Plaintiffs advised Chubb Insurance that the Claim would include each and every piece of art in their

collection, including art that was located all over their home, including in areas that were not affected by the Loss.

76.     Denied.  Chubb Insurance issued a supplemental payment to Plaintiffs on April 29, 2020, not July 1, 2020 as pleaded by Plaintiffs.   Chubb Insurance admits that Plaintiffs advised that they received this payment.

77.     Denied.  Chubb Insurance denies that it failed to provide Plaintiffs with any "clear explanation" of its April 29, 2020 payment.   By way of further answer, before Chubb Insurance issued its supplemental payment to Plaintiffs on April 29, 2020, it sent Plaintiffs correspondence on April 22, 2020 which included an explanation that said payment was for damage to contents related to the Loss based upon AIQ's amended report dated April 16, 2020, which report it provided to Plaintiffs.  By way of further answer, in response to questions by counsel for Plaintiffs, on July 15, 2021, Chubb Insurance again provided Plaintiffs with a detailed explanation of this supplemental payment.  *See* July 15, 2021 correspondence from counsel for Chubb Insurance to counsel for Plaintiffs attached as Exhibit "B".

78.     Denied.  The correspondences referenced in paragraph 78 of Plaintiffs' Complaint are writings which speak for themselves regarding their contents, and Chubb Insurance specifically denies any characterization of said correspondences by Plaintiffs.

79.     Admitted in part; denied in part.  Chubb Insurance admits only that it elected to non-renew the Policy in or around February 2021.   Chubb Insurance denies Plaintiffs' characterization that it "forced Plaintiffs to scramble to find new homeowners' coverage."

80.     Denied.  After reasonable investigation, Chubb Insurance is without sufficient knowledge or information to form a belief  as to the truth of the allegations in paragraph 80 of Plaintiffs' Complaint, which allegations are therefore denied.

81.     Denied.  Chubb Insurance specifically denies that it has failed to resolve the Claim.  To the contrary, pursuant to the full and complete reservation of rights which it issued on May 1, 2020, and which it renewed in correspondence from its counsel on February 18, 2021, Chubb Insurance has made extensive efforts to resolve the Claim including but not limited to participating in joint inspections of Plaintiffs' art at the Aiston facility in Long Island City on November 30, 2021 and December 1, 2021 and agreeing to conduct another inspection at the Aiston facility at Plaintiffs' request which inspection is currently scheduled for February 11, 2022.  As it concerns the factual allegations contained in paragraph 81 of Plaintiffs' Complaint that Chubb Insurance "effectively precluded the house from being insured" and that "Plaintiffs are presently in the process of selling the house while they live elsewhere",  after reasonable investigation Chubb Insurance is without sufficient knowledge or information to form a belief  as to the truth of these allegations, which allegations are therefore denied.

82.     Denied as stated.  Chubb Insurance admits only that based upon Plaintiffs' representations that they intended to substantially increase the Claim to include each and every item of art in their approximately 13,000 square foot home, including art that was located in areas not affected by the Loss, it elected to further investigate the Claim.  Chubb Insurance further admits that it elected to retain counsel to provide legal advice during its ongoing investigation of the Claim.  By way of further answer, pursuant to the Policy's "Your duties after a loss" provision, on February 18, 2021, counsel for Chubb Insurance requested on its behalf that Plaintiffs appear for Examinations Under Oath and produce supporting claim documents, including a Sworn Statement in Proof of Loss.  To date, Plaintiffs have neither appeared for such Examinations Under Oath nor produced any of the requested supporting claim documents.   By way of further answer, Chubb Insurance denies that at the time of its counsel's February 18,

2021 correspondence it had not issued a reservation of rights to Plaintiffs.  Chubb Insurance

issued a specific reservation of rights on May 1, 2020, which reservation of rights it reiterated in

its counsel's February 18, 2021 correspondence requesting their cooperation with Chubb

Insurance's ongoing investigation of the Claim as required by the Policy.

      83.    Denied.  The correspondence referenced in paragraph 83 of Plaintiffs' complaint

is a writing which speaks for itself regarding its contents, and Chubb Insurance denies any

characterization of same by Plaintiffs.

      84.    Denied.  Chubb Insurance specifically denies that its counsel failed to respond to

correspondence dated March 31, 2021 from Plaintiffs' counsel until July 16, 2021 or that its

counsel was unresponsive to the numerous questions Plaintiffs' counsel raised about the Claim

following his receipt of Chubb's Insurance's February 18, 2021 request that Plaintiffs appear for

Examinations Under Oath and produce supporting documents regarding the Claim.  Counsel for

Plaintiffs and counsel for Chubb Insurance maintained regular and consistent contact about this

matter, including numerous telephone conferences and exchanges of correspondences.  *See,*

*e.g.,* June 30, 2021 correspondence from counsel for Chubb Insurance, Cynthia Bernstiel,

Esquire, to counsel for Plaintiffs, Richard Fogel, Esquire, attached as Exhibit "D".  Thereafter,

on July 15, 2021, counsel for Chubb Insurance sent counsel for Plaintiffs a comprehensive 15-

page letter which enclosed a lengthy 11-page chronology regarding the Claim.  *See* July 15, 2021

correspondence from counsel for Chubb Insurance, Cynthia Bernstiel, Esquire, to counsel for

Plaintiffs, Richard Fogel, Esquire, attached as Exhibit "B".

      85.    Denied.  The correspondence referenced in paragraph 85 of Plaintiffs' complaint

is a writing which speaks for itself regarding its contents, and Chubb Insurance denies any

characterization of same by Plaintiffs.  By way of further answer, as noted in the referenced

correspondence dated August 4, 2021 from counsel for Chubb Insurance to counsel for Plaintiffs, it was Plaintiffs who requested that Chubb Insurance forbear on taking their Examinations Under Oath and instead participate in a joint inspection of Plaintiffs' art, then located at AIQ in Connecticut and Aiston in Long Island City, New York.  As an accommodation to Plaintiffs, Chubb Insurance agreed to this request subject to its previously issued reservation of rights.  So that Chubb Insurance could obtain a full and complete understanding of the extent of Plaintiffs' Claim, however, given the recent comments by Plaintiff Ramesh Sawhney that the Claim had expanded to include each and every piece of art in their collection including art that was located in areas of their approximately 13,000 square foot home that were not affected by the Loss, on August 4, 2021, Chubb Insurance reiterated the request it initially made on February 18, 2021 that Plaintiffs submit a Sworn Statement in Proof of Loss with an accompanying inventory. Instead of producing the Proof of Loss as the Policy requires, two (2) days later, on August 6, 2021, Plaintiffs filed the instant lawsuit.

86.     Denied.  Chubb Insurance specifically denies that it requested a Proof of Loss for Plaintiffs' art that is in Chubb Insurance's possession.  By way of further answer, Chubb Insurance requested that Plaintiffs provide a Proof of Loss and accompanying inventory after Plaintiff Ramesh Sawhney repeatedly told Chubb Insurance that the Claim had expanded to include each and every piece of art in their collection, even art that was located in areas of their approximately 13,000 square foot home that were not affected by the Loss.  Accordingly, so that it could appropriately evaluate and assess Plaintiffs' Claim and any additions to same, Chubb Insurance reiterated its request on August 4, 2021 that pursuant to the Policy's "Your duties after a loss" provision, Plaintiffs provide a Proof of Loss with an accompanying inventory.  Instead of

producing the Proof of Loss as the Policy requires, two (2) days later, on August 6, 2021, Plaintiffs filed the instant lawsuit.

87.     Denied.  The allegations contained in paragraph 87 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required.  These allegations are therefore deemed denied.  By way of further answer, Chubb Insurance specifically denies that it has failed to "live up to the requirements of its insurance policy" or that it has engaged in any conduct which has caused Plaintiffs damages.

**First Cause of Action (Declaratory Judgment)**

88.     Chubb Insurance incorporates its responses contained in paragraphs 1 through 87 as though fully set forth herein.

89.     Denied.  The allegations contained in paragraph 89 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required.  These allegations are therefore deemed denied.  By way of further answer, the Policy is a writing that speaks for itself and Chubb Insurance expressly denies any characterization of the Policy by Plaintiffs.

90.     Denied.  The allegation contained in paragraph 90 of Plaintiffs' Complaint is a conclusion of law to which no responsive pleading is required.  This allegation is therefore deemed denied.

91.     Denied.  The allegation contained in paragraph 91 of Plaintiffs' Complaint is a conclusion of law to which no responsive pleading is required.  This allegation is therefore deemed denied.  To the extent any response is deemed necessary, Chubb Insurance specifically denies that it engaged in any conduct that caused Plaintiffs to suffer prior or continuing damages.

92.     Denied.  The allegations contained in paragraph 92 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required.  These allegations are therefore deemed denied.

## Second Cause of Action (Breach of Contract)

93.     Chubb Insurance incorporates its responses contained in paragraphs 1 through 92 as though fully set forth herein.

94.     Denied.  The allegations contained in paragraph 94 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required.  These allegations are therefore deemed denied.  To the extent any response is deemed necessary, Chubb Insurance specifically denies that it has materially breached its contractual obligations to Plaintiffs under the Policy.

95.     Denied.  The allegation contained in paragraph 95 of Plaintiffs' Complaint is a conclusion of law to which no responsive pleading is required.  This allegation is therefore deemed denied.  To the extent any response is deemed necessary, Chubb Insurance specifically denies that it has materially breached its contractual obligations to Plaintiffs under the Policy.

## Third Cause of Action (Consumer Fraud)

96.     Chubb Insurance incorporates its responses contained in paragraphs 1 through 95 as though fully set forth herein.

97.     Denied.  The allegations contained in paragraph 97 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required.  These allegations are therefore deemed denied.   To the extent any response is deemed necessary, Chubb Insurance specifically denies that it breached its contractual obligations to Plaintiffs under the Policy or that it engaged in any of the conduct alleged by Plaintiffs in paragraphs 97(1) through 97(5) of their Complaint.

98.     Denied.  The allegation contained in paragraph 98 of Plaintiffs' Complaint is a

conclusion of law to which no responsive pleading is required.  This allegation is therefore deemed denied.

99.     Denied.  The allegation contained in paragraph 99 of Plaintiffs' Complaint is a conclusion of law to which no responsive pleading is required.  This allegation is therefore deemed denied.

100.     Denied.  The allegation contained in paragraph 100 of Plaintiffs' Complaint is a conclusion of law to which no responsive pleading is required.  This allegation is therefore deemed denied.

101.     Denied.  The allegation contained in paragraph 101 of Plaintiffs' Complaint is a conclusion of law to which no responsive pleading is required.  This allegation is therefore deemed denied.  By way of further answer, Chubb Insurance specifically denies that it has refused to work with Plaintiffs in an attempt to resolve the Claim.  Pursuant to the full and complete reservation of rights which it issued on May 1, 2020 and reiterated in correspondence from its counsel dated February 18, 2021, Chubb Insurance coordinated a joint inspection of Plaintiffs' artwork at the Aiston Facility in Long Island City, New York on November 30, 2021 and December 1, 2021, and has agreed to Plaintiffs' request for a follow-up inspection which is currently scheduled for February 11, 2022.

102.     Denied.  The allegation contained in paragraph 102 of Plaintiffs' Complaint is a conclusion of law to which no responsive pleading is required.  This allegation is therefore deemed denied.

**Fourth Cause of Action (Conversion)**

103.     Chubb Insurance incorporates its responses contained in paragraphs 1 through 102 as though fully set forth herein.

104.    Denied.  The allegation contained in paragraph 104 of Plaintiffs' Complaint is a conclusion of law to which no responsive pleading is required.  This allegation is therefore deemed denied.  By way of further answer, Chubb Insurance specifically denies that it has kept Plaintiffs' art for "no apparent reason."  By way of even further response, Chubb Insurance has specifically advised Plaintiffs that it wishes to return their art to them, but Plaintiffs have chosen to have their art stored at the Aiston Facility in Long Island, New York pending the completion of their conservator's inspection(s) of same.

105.    Denied.  The allegation contained in paragraph 105 of Plaintiffs' Complaint is a conclusion of law to which no responsive pleading is required.   This allegation is therefore deemed denied.

## DEFENSES

By way of further defense to Plaintiffs' Complaint, Chubb Insurance sets forth the following defenses:

### DEFENSE NO. 1

Plaintiffs' Complaint fails to allege facts sufficient to state a cause of action upon which relief may be granted.

### DEFENSE NO. 2

Plaintiffs' alleged damages, if any, were caused by or resulting from a risk or risks that were excluded under the Policy.

### DEFENSE NO. 3

Plaintiffs' claims may be barred, in whole or in part, by the terms, exclusions, agreements, conclusions, and limitations contained in the Policy, all of which Chubb Insurance incorporates by reference as though fully set forth herein.  *See* Exhibit "A."

## <u>DEFENSE NO. 4</u>

Plaintiffs have failed to fully comply with their duty to cooperate set forth in the

following "Your duties after a loss" provision contained in the Policy in that they have failed to:

(a) appear for Examinations Under Oath as requested by Chubb Insurance; (b) produce records

and documents as requested by Chubb Insurance; and (c) produce a Sworn Statement in Proof of

Loss as requested by Chubb Insurance:

***Property Conditions***

These conditions apply to all coverage for damage to property.

*      *      *

**Your duties after a loss**
If you have a loss this policy may cover, you must perform these duties:

**Notification.** You must immediately notify us or your agent of your loss. In case of theft or
accident, you must also notify the police or similar competent authority.

**Protect property.** You must take all reasonable means that are necessary to protect property
from further loss or damage.

**Prepare an Inventory.** You must prepare an inventory of damaged personal property,
describing the property in full. It should show in detail the amount insured under this policy and
actual amount of the loss. Attach bills, receipts, and other documents to support your inventory.

**Display property.** You must show us the damaged property when we ask.

**Examination under oath.** We have the right to examine separately under oath as often as we
may reasonably require you, family members and any other members of your household and
have them subscribe the same. We may also ask you to give us a signed description of the
circumstances surrounding a loss and your interest in it, and to produce all records and
documents we request and permit us to make copies.

**Proof of loss.** You must submit to us, within 60 days after we request, your signed, sworn proof
of loss which documents, to the best of your knowledge and belief:
• the time and cause of loss;
• interest of the insured and all others in the property involved and all liens, claims and
  obligations on the property;
• other insurance which may cover the loss;

• changes in title or occupancy of the property during the term of the policy;
• specifications of any damaged building and detailed estimates for repair of the damage;
• an inventory of damaged personal property;
• receipts for additional living expenses incurred and records supporting the fair rental value loss;
• evidence or affidavit supporting a claim under the Credit Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

*See* Exhibit "A" at pp. 72-8373

## **DEFENSE NO. 5**

Plaintiffs have failed to take all reasonable means that were necessary to protect their property from further loss or damage in violation of the Policy's "Your duties after a loss" provision set forth in Defense number 4 above.

## **DEFENSE NO. 6**

Without admitting any liability whatsoever, and without admitting that Plaintiffs have suffered any covered loss whatsoever, if Plaintiffs have suffered any covered loss as alleged in the Complaint or otherwise, Plaintiffs failed to mitigate or minimize such loss.

## **DEFENSE NO. 7**

The instant lawsuit is barred under the following "Legal action against us" provision contained in the Policy since Plaintiffs have not first complied with all conditions of the Policy, including the Policy's "Your duties after a loss" provision set forth in Chubb Insurance's Defense number four (4) above:

*Special Conditions*

In the event of conflict with any other conditions of your policy, these conditions supersede.

**Legal action against us**
You agree not to bring legal action against us unless you have first complied with all conditions of this policy. For property, you also agree to bring any action against us within two years after a loss occurs, but not until 30 days after proof of loss has been submitted to us and the amount of loss has been determined.

For liability, you also agree not to bring any action against us until the obligation has been determined by final judgement or a written agreement by us.

*See* Exhibit "A" at p. 74

## DEFENSE NO. 8

Plaintiffs may have failed to join necessary and/or indispensable parties.

## DEFENSE NO. 9

Any expectation that Chubb Insurance would provide coverage for Plaintiffs' Claim is not reasonable or justified.

## DEFENSE NO. 10

Chubb Insurance reserves the right to assert other defenses that may become applicable.

WHEREFORE, Defendant Chubb Insurance Company of New Jersey demand judgment in its favor and against Plaintiffs, together with costs, attorneys' fees and such further relief as the Court deems just and appropriate.

Dated:  January 21, 2022                    **McCLELLAN BERNSTIEL, LLP**

                              By:    **/s/  George McClellan, Esquire**
                                    GEORGE McCLELLAN, ESQUIRE
                                    CYNTHIA L. BERNSTIEL, ESQUIRE
                                       *(admitted Pro Hac Vice)*
                                    103 Carnegie Center, Suite 300
                                    S Princeton, NJ 08540
                                    609-200-0570
                                    efax – 888-468-0129
                                    george@mcbelegal.com
                                    cyndi@mcbelaw.com

                                    *Attorneys for Defendant,*
                                    *Chubb Insurance Company of New Jersey*