# Exhibit B to Answer - Part 1



Cynthia L. Bernstiel, Esquire
Direct:  610-635-9510
cyndi@mcbelaw.com

July 15, 2021

*Via Email*
Richard A. Fogel, Esq.
Law Offices of Richard A. Fogel, P.C.
389 Cedar Avenue
Islip, New York 11751-4627

| | | |
|---|---|---|
| **RE:** | **Insured:** | Ramesh Sawhney and Nina Bhardwaj |
| | **Policy N**o.: | 001447338001 |
| | **Claim No.:** | 047519006886 |
| | **DOL:** | 2/25/19 |
| | **Company:** | Chubb Insurance Company of New Jersey |

Dear Mr. Fogel:

I am writing in follow up to our ongoing conversations and correspondences regarding this matter, most recently our June 26, 2021 and July 8, 2021 telephone conferences and my June 30, 2021 letter.  As noted in my June 30 letter, that letter addressed some of the issues and questions which you have raised, and which we have been discussing.  This letter addresses what I believe are all of your remaining questions about this claim, including those additional questions noted in your July 1, 2021 email.  As I have advised repeatedly, I remain available to discuss this claim with you any time, and I look forward to our further discussion following your review of this correspondence and its enclosures.

**<u>Detailed Chronology</u>**

Preliminarily, we note that you have provided what you characterized as a "detailed chronology [you] put together based upon the emails between the parties and the documents [you] have."  You further stated that you "have at least one email or document for every fact stated."  You request that Chubb "let [you] know if [you] got something wrong or if [you] are

325 Sentry Parkway,
Building 5 West,  Suite 200
Blue Bell, PA  19422
610-910-8489
eFax 610-910-8489

103 Carnegie Center, Suite 300
Princeton, NJ  08540
609-200-0570
eFax 888-468-0129

5 Penn Plaza, 19th Floor
New York, NY  10001
718-500-4109
eFax 718-500-4109

Richard A. Fogel, Esq.
July 15, 2021
Page 2

missing something significant."  Chubb has conducted a detailed review of your chronology and advises as follows:

- Attached as Exhibit "A" is the chronology you prepared with Chubb's notations.

- As it concerns any written correspondence (emails, letters, etc.) referenced in your chronology, Chubb's position is that said documents are writings, which speak for themselves regarding their contents.  To the extent you have summarized any written correspondences in your chronology, your clients should not consider Chubb to have adopted your summary or characterization of said writings.  Again, these are documents which speak for themselves.

- Likewise, as it concerns any reports or other writings referenced in your chronology, Chubb's position is that said documents are also writings, which speak for themselves regarding their contents.  To the extent you have summarized any reports or other writings in your chronology, your clients should not consider Chubb to have adopted your summary or characterization of said reports or writings.  Again, these are documents which speak for themselves.

- As noted in Exhibit "A", Chubb does not have some of the correspondences you referenced in your chronology and requests that your clients please produce same.

- As we discussed on July 8, 2021, unless the entries on your chronology were an exact match to what Chubb has in its file, Chubb has asked you to please provide the referenced correspondence for clarity.  Chubb understands your desire that your clients and Chubb are "on the same page" regarding such correspondences.  Your clients should not consider Chubb's request for clarity regarding certain referenced correspondences to be anything other than Chubb trying to reach such consensus with your clients.

**Chubb's Prior checks to Ramesh Sawhney and Nina Bhardwaj**

You have asked what checks, in what amounts, were issued to the insureds and whether they were cashed.  In your July 1, 2021 email, you incorrectly stated that during our June 26, 2021 phone call I "speculated" regarding said payments but still did not have an answer.  In fact, what I advised during that call was that Chubb issued four payments, and I needed to double check if the last payment had posted.  Importantly, I also advised that each and every time Chubb sent your clients a check, Chubb emailed them and advised of the amount and the basis for the payment amount.  The following chart summarizes those emails, and the corresponding payments by Chubb to the insureds:

Richard A. Fogel, Esq.
July 15, 2021
Page 3

| CHECK NUMBER | DATE | AMOUNT | CORRESPONDENCE FROM CHUBB TO INSUREDS EXPLAINING PAYMENT |
|---|---|---|---|
| 4195279 (posted 6/4/19) | 5/24/19 | $94,326.17 | 5/13/19 email from Chubb to insureds explained this payment was for contents damages from the loss based upon AIQ's 5/7/19 report and attaching said report.  Mrs. Bhardwaj responded via email and requested a stop payment as the insureds would not be home to accept the payment.  Stop payment was issued, and the insureds authorized Chubb's reissue of payment, which was done on 5/24/19. |
| 4246505 (posted 7/2/19) | 6/19/19 | $12,081.44 | 6/12/19 email from Chubb to insureds explained 2nd payment for contents damages was based on AIQ's amended report dated 5/31/19 and attaching said report. |
| 4306186 (posted 7/23/19) | 7/18/19 | $20,731.16 | 7/17/19 email from Chubb to insureds explained 3rd supplement payment was for damages based on AIQ's 7/15/19 amended report and attaching said report.  $666.41 was issued in this payment to cover a separate expense (sprinkler heads that were damaged during stump removal).  $20,064.75 was the amount for contents damage. |
| 48843398 (EFT) (posted 7/1/20)[1] | 4/29/20 | $14,628.95 | 4/22/20 email from Chubb to insureds explained 4th supplemental payment for damages was based on AIQ's amended report dated 4/16/20 and attaching said report. |

    Documentation regarding all four of Chubb's above-referenced payments is attached as Exhibit "B" per your request.  Again, each payment was based upon reports from AIQ which we previously sent you per your request on March 11, 2021, and which are enclosed herein for your ready reference as Exhibit "C".  These AIQ reports indicate the pricing for the pieces and whether the price was to restore the piece, or to replace the piece due to it being non-restorable.  Accordingly, Chubb disagrees with your statement that "it [was] certainly not stated anywhere

---

[1] In your March 1, 2021 email, you indicate that your clients were only aware of receiving two checks from Chubb. As the enclosed documentation appears to indicate, however, by that time the insureds had cashed all three of Chubb's checks and received the April 2020 EFT payment, which as you correctly note are referenced in emails from Mike McCudden at Chubb to the insureds.

Richard A. Fogel, Esq.
July 15, 2021
Page 4

what [Chubb's] checks were for." In fact, before Chubb made each of the above-referenced payments to the insureds, it corresponded with them regarding the basis for said payments.

**Summary of Loss**

During our many telephone conversations about this claim, you have expressed confusion about why Chubb is investigating this loss and you have likewise expressed your opinion that Chubb has already accepted coverage for the entire loss as claimed by the insureds, and therefore has no right to investigate at this time. I have consistently expressed on behalf of Chubb its position that Chubb has paid the insured for all damage to artwork that its claim adjustment to date has revealed was caused by the instant loss (a tree falling onto their home on February 25, 2019) and that the insureds thereafter expanded the scope of the loss to include each and every piece of art in their collection, located all over their home, even in areas that were not near the attic or bedroom that were affected by the tree fall. Accordingly, I have explained (notwithstanding the fact that Chubb has no legal obligation to outline for the insureds a "roadmap" of its investigation), that Chubb is investigating whether the additional claimed items beyond those items for which Chubb has already provided coverage are damaged, and if so whether said damage was related to the February 25, 2019 loss. Contrary to the statements in your July 1, 2021 email (which I address in further detail below), Chubb has never agreed that the insureds' remaining claim can be resolved simply by having all of the experts meet to ascertain the restoration of each piece. Chubb first must complete its investigation regarding whether the damage to each piece, if any, was related to the February 25, 2019 loss.

In my February 18, 2021 letter, Chubb requested that the insureds produce relevant and material supporting documentation for its review before their Examinations Under Oath. Chubb also included a very detailed spreadsheet with areas for the insureds to insert relevant and material information regarding each claimed piece. Chubb provided this spreadsheet to prevent the exact issue you have flagged in your correspondences – to streamline this process, save time and make the insureds' examinations as efficient as possible. You implied during our July 6, 2021 call that if Chubb intends to move forward with its investigation, the insureds might as well just file suit. To be clear – Chubb is not denying coverage for the additional items being claimed by the insureds. Rather, Chubb is investigating, as permitted by the Policy's "Your duties after a loss" provision cited in my February 18, 2021 letter and New Jersey law, the insureds' claim for damage to additional claimed artwork. Only after Chubb completes its ongoing investigation will it be able to ascertain whether or not the Policy affords coverage for the additional claimed items.

While your clients were very involved in the claims adjustment process and have obviously provided you with some of the correspondences they had with Chubb as reflected in the chronology you created, as we discussed on July 8, 2021, I have included an overview below which I hope will clear up some confusion about what occurred and why. You will see that the below is in the nature of a high-level overview and is intended to provide you with sufficient context and detail regarding Chubb's claim adjustment process in order to answer some of the basic questions you have posed during our telephone conferences and correspondences. As I

Richard A. Fogel, Esq.
July 15, 2021
Page 5

noted during our July 8 call, I look forward to discussing this matter with you further after you have had the opportunity to review the below.

## **2019**

As you know, this loss involves the collapse of a tree onto the insureds' New Jersey home, 43 Oak Bend Road S., West Orange, New Jersey 07052 (the "Property") on February 25, 2019 which penetrated the wall and ceiling of one section of their home.  The claim as initially presented by the insureds in February 2019 was for property damage only to the roof of their home and water intrusion into one bedroom, as well as for damage to their greenhouse from a tree limb falling on its roof.  As summarized below, the claim grew substantially between February 2019 and May 1, 2020, which new damage ultimately included, but was not limited to, the insureds' claim for coverage for their entire collection of artwork, manuscripts and memorabilia in their entire home.

After inspecting the Property, Chubb contracted with Asset IQ ("AIQ") and its representative, Diane Forstell ("Forstell"), to inspect art located in the attic and bedroom spaces that were impacted by water leaking through the damaged roof.  In response to your questions regarding Forstell's qualifications, she was capable of ascertaining and appraising any damage to the insureds' artwork based upon her decades of experience handling losses involving thousands (and sometimes tens of thousands) pieces of art.  On March 16, 2019, Forstell inspected items of artwork in the attic and bedroom of the Property where the tree fell, in the adjacent area of the attic, and also viewed other pieces shown to her by the insureds which were located in their greenhouse. Forstell inventoried and photographed these items, and thereafter issued an initial report dated May 7, 2019 which listed the lesser of the cost to repair or replace each item that Forstell inspected.  In this report, Forstell notes items she found to be a total loss with the designation "TL" (i.e. - referring to total loss and not diminution).  Forstell noted that her May 7, 2019 report was an interim content damage report, and that she was waiting for additional information from the insureds which she needed to determine pricing for several open items.

Chubb provided Forstell's initial report to the insureds on May 13, 2019.  As noted above, based upon Forstell's initial May 7, 2019 report, on May 24, 2019, Chubb issued to the insureds a payment in the amount of $94,326.17.[2]

In the interim, the insureds had contracted with their own vendor, artwork conservator Cultural Preservation & Restoration ("CPR") and its representative Gary McGowan("McGowan").  As explained in greater detail below, Forstell and McGowan met at the Property on May 8, 2019.  McGowan had already been at the Property and had prepared a preliminary triage proposal dated April 26, 2019 in which he listed a cost of $27,380.00 for the

---

[2] The $853.80 difference between the total on Forstell's report ($95,179.97) and the Chubb's check to the insureds ($94,326.17) was due to a weathervane included in Forstell's report that Chubb had already paid out to building contractor Castle Ridge on the insureds' behalf in connection with payment for property damage to the insureds' home.

Richard A. Fogel, Esq.
July 15, 2021
Page 6

following work: (1) inventory with photographs of the insureds' damaged artwork; (2) basic cleaning (i.e. - wiping down) of the damaged artwork; (3) evaluation of mold infiltration of said artwork to be performed at the New Jersey home; (4) assessing damaged pieces for further restoration; (5) packing and moving artwork that is stable and clean; (6) de-framing and carefully packing additional pieces of artwork.  In his April 26, 2019 proposal, McGowan made clear that full conservation and materials would be additional costs.  On April 30, 2019, Mike McCudden from Chubb ("McCudden") requested that McGowan provide a more limited estimate to pack and transport the damaged artwork.  Also on April 26, 2019, McCudden forwarded the insureds an offer from Chubb's vendor (AIQ) to instead handle the pack and move of their art.  The insureds did not respond to Chubb regarding its offer to have their art moved by AIQ, nor did they indicate that they wished to have McGowan handle such a move.

After receiving McGowan's April 26, 2019 proposal from the insureds on April 29, 2019, Chubb requested that Forstell meet with McGowan at the Property to review and discuss next steps.  At that meeting, which, as noted above, occurred on May 8, 2019, Forstell and McGowan inspected the loss site.  They also examined individual pieces of damaged art and discussed the kinds of work that would be necessary to repair or restore same.  Inasmuch as the insureds' attic contained art in areas other than the area of direct damage, McGowan indicated he thought some pieces may just need to be wiped down for some minor cleaning.  As noted above, McGowan's proposal included preparing an inventory and photographing the insureds' damaged artwork.  By that point, however, Forstell had already inspected, inventoried and photographed the insureds' art and therefore offered to share with McGowan her entire inventory which would save him time (and therefore the insureds money) and avoid him duplicating her effort.  McGowan took Forstell up on her offer in this regard.  Also on May 8, 2019,   Forstell inventoried additional items of art that were claimed to be damaged. After completing this additional inventory, Forstell presented to McGowan with an inventory spreadsheet containing all items of the insureds' artwork that she had inspected and inventoried so he could insert his estimate of the restoration or conversation cost for each piece.  McGowan completed this exercise, with the understanding that once he obtained the artwork and examined each piece, he may discover additional damage.

Based upon her May 8, 2019 inspection of the additional claimed artwork and her receipt of additional necessary information from the insureds regarding same, Forstell issued a second report dated May 31, 2019.  As noted above, in accordance with said report, Chubb issued a supplemental payment to the insureds on June 19, 2019 in the amount of $12,081.44, bringing the total claim payment to date to $106,260.61.

On June 15, 2019, McGowan sent the inventory document back to Forstell with numbers filled in for each piece indicating the cost to restore or clean each item.  McGowan based these numbers on what he observed himself at the Property or, alternatively, on photographs Forstell provided to him.  Notably, AIQ's report included total loss and restoration items, whereas McGowan's estimate covered only conservation and as such had a lower total.  That said, McGowan and Forstell had discussed and both understood that McGowan's total was a preliminary one, subject to adjustment once he was able to de-frame or unbox the artwork to examine it in a controlled environment.  Had the insureds authorized a relocation plan at this

Richard A. Fogel, Esq.
July 15, 2021
Page 7

time, in those cases AIQ would have weighed the cost of restoration against the value of the piece and would have recommended the appropriate course of action.

On June 24, 2019, McGowan sent an email to McCudden indicating that on June 23, 2019, he was at the Property and Dr. Sawhney showed him additional allegedly damaged items that McGowan had never seen previously and were not listed on Forstell's spreadsheet. McGowan reported that Dr. Sawhney felt that these items were "significant and rare works that require conservation treatment to prevent further deterioration." McGowan advised Chubb that since he was unable to unwrap or unbox many of these items, he could not make any substantive statements as to their current state of preservation.

By July 2019, based on the insureds' expressed concerns about their home being a health risk due to elevated mold and asbestos remediation, they had relocated to New York. The insureds did not advise Chubb that they were relocating any of the affected artwork (to New York or elsewhere) at that time. If any relocation was done, it was not using AIQ or McGowan, but instead by the insureds themselves or another vendor undisclosed to Chubb.

On July 3, 2019, Forstell, McGowan, and McCudden participated in a conference call during which an action plan for restoring the insureds' artwork was discussed. These parties agreed any damages pre-existing the February 25, 2019 loss as a result of age, storage conditions, and such other factors unrelated to the loss would not be included. These parties further agreed that Forstell would update AIQ's estimate based on McGowan's then-current conservation estimates of damage caused by the February 25, 2019 loss.

On July 9, 2019, McGowan forwarded to Chubb an estimate to pack and transport the affected artwork (50 – 60 pieces) from the Property to McGowan's New Jersey studio. McGowan advised that his staff would pack and store the affected artwork at a cost of $1,920.00 each way. McCudden approved this amount but, with no updates from the insureds regarding arrangements of this pack-and-move in the following days, McCudden advised McGowan on July 17, 2019 that all payments had been issued directly to insured.

Forstell issued a third report on July 15, 2019 which incorporated information from her July 2019 discussions with McGowan and McGowan's numbers/estimates to restore or clean the affected art works. Forstell agreed that McGowan had provided reasonable estimates for the work he wished to perform. As noted above, based upon same, Chubb issued a third payment to the insureds on July 18, 2019 in the amount of $20,731.16, bringing the total claim payment to date to $126,472.36, with two remaining items needing more documentation from the insureds (noted on page 3 of AIQ's report as "TL open"). On pages 10 and 11 of AIQ's July 15, 2019 report, items noted as TBD or "TL or Restore" were awaiting final notes from McGowan.

In July 2019, the insureds advised Chubb that they wished to have their own independent appraisers evaluate the art. The insureds thereafter retained appraiser Bonnie Kagan ("Kagan") and appraiser/conservator Kenneth Linsner ("Linsner"). Linsner is a specialist in Indian art. Kagan's first visit to the Property was on or about August 29, 2019. After two follow-up visits,

Richard A. Fogel, Esq.
July 15, 2021
Page 8

Kagan compiled her report and appears to have presented it to the insureds at some point in February or March of 2020.  (Kagan's process during these approximately six months is unknown to Chubb.)

## **2020**

On February 29, 2020, the insureds' appraiser, Kenneth Linsner, inspected the insureds' Indian Art at the Property to determine the replacement cost of artwork that the insureds told Linsner was damaged as a result of the instant loss.  All two-dimensional inclusions of said artwork were still contained in frames at that time.  In the report Linsner ultimately issued (as detailed below), he also determined, to the extent appropriate based upon his training and experience, the cost to restore each piece.

In March 2020, the insureds started forwarding Kagan's appraisal report to Chubb (which report came in multiple pieces and multiple versions).  Chubb, in turn, requested that Forstell (AIQ) review Kagan's appraisal report.  In her review, Forstell discovered that Kagan's report included many works that were never previously brought to Forstell's attention or shown to her during her many prior inspections at the Property.  Forstell also realized that certain items that she had previously inspected and included in her prior reports were absent from Kagan's appraisal report.  After reviewing Kagan's report and then speaking with Kagan further, Forstell advised Chubb that by Kagan's own admission, she had only included the replacement value of the insureds' art without any consideration of its pre-loss condition, current condition or the possibility of restoration.  Forstell was unable to provide comment regarding the additional pieces listed in the Kagan report because they had never been presented to her, nor had the insureds ever represented during any of Forstell's visits to the Property that these works sustained damage as a result of the February 25, 2019 loss.  Forstell advised Chubb that in order to comment on these additional pieces she would need to inspect them, and in order to provide a fully detailed report at this stage any pieces in frames would need to be de-framed and inspected in a controlled environment.

On April 16, 2020, Forstell issued an amended report on artworks she had previously reviewed in light of new information she had received since authoring her last report.  As noted above, based upon Forstell's April 16, 2020 report, Chubb issued another payment to the insureds on April 29, 2020 in the amount of $14,628.95, bringing Chubb's total claim payment to date to $141,101.31.

By way of emails from the insureds on April 20 and 22, 2020, as well as a follow-up May 1, 2020 telephone conference with Dr. Sawhney, Chubb learned that Linsner would be submitting at least one additional report, and that the insureds were now significantly increasing the scope of their contents claim beyond those pieces Chubb had already inspected as being in the area of the Property where the loss occurred, or which the insureds had previously shown

Richard A. Fogel, Esq.
July 15, 2021
Page 9


Chubb.  Accordingly, Chubb issued correspondence to the insureds that day (May 1, 2020 -
enclosed herein for your ready reference as Exhibit "G") advising that it reserved its rights
regarding the claim, the full scope of which was unknown to Chubb at that time. Chubb also
continued to seek to have all claimed contents centralized and jointly inspected (or at least to
have a complete and central inspection done by AIQ).

On April 28, 2020, Forstell and McGowan had the following email exchange:

Gary,

You may recall that we met at the Sawney home in West Orange,
NY on May 8, 2019. As you will recall we worked together to inspect the
artworks and you provided a restoration proposal for the items that were
possibly damaged. You included in that same proposal your cost for
cleaning those items in need of just cleaning.

I have a few questions, as follows:

1.  Did you perform any of the actual restoration work included in
    your proposal? If so, please advise when and which pieces.

2.  Did you provide any further proposals to the owners? Did you
    return to inspect additional art or to re-inspect? If so, please
    provide me with a copy of the proposal.

My best,

Diane

---

Hi Diane,

 I hope this email finds you well. To answer your questions:

1.  No, I did not perform any conservation, restoration or work on any
    of the damaged pieces.

2.  This is a much more complicated question. Although I did not
    provide any additional proposals for Dr. Sawhney's collection, I
    did return to the property three more times and did visually assess
    the collections in the attic. At that time, further deterioration had
    occurred on several of the pieces. It should be noted that in my

Richard A. Fogel, Esq.
July 15, 2021
Page 10

meetings with Dr. Sawhney, he had indicated that he was
contacting an appraiser and was adding materials from the first
floor living spaces as part of his concerns for damage. I spoke to
the appraiser, who was based in New York City; I do not
remember her name. Her requirements and her plan for evaluating
the collection seemed neither reasonable nor in line with industry
standards. I had several further emails and phone conversations
with Dr. Sawhney, which did not develop into any substantive
decisions to proceed with conservation treatments by my firm. Dr.
Sawhney stopped responding to my repeated inquiries where I had
stated treatments should proceed as soon as possible to avoid
further deterioration of the selected artwork. I am unaware if any
conservation was carried out by any other conservator/firm.

I hope this answers your questions.

All the best,

Gary

Gary McGowan

Cultural Preservation & Restoration

---

In May 2020, in light of all recent developments including Chubb's receipt from the
insureds of Kagan's report and notice that an additional report from Linsner would be
forthcoming, Chubb hired Aiston Art Movers to package and remove any claimed artwork from
the Property to Aiston's secure, climate-controlled warehouse in Long Island City, New York.
Chubb and the insureds communicated about Aiston's move and the logistics of same in email
exchanges during the first week of May 2020.  For example, in an email exchange on May 6,
2020, McCudden advised the insureds that, "Aiston Fine Art Services will be coordinating the
pickup and storage of the artwork. They are working on their schedule to confirm pickup on the
18th. If there are any issues with that day, is there another day that week you may be available?"
Dr. Sawhney replied on the same date, stating, "We shall try to isolate from the movers the art
conservator should weigh in."  Dates for the move were ultimately agreed upon between Chubb
and the insureds, which move occurred on five separate dates between June 1 and June 8, 2020.
Aiston conducted this move of the insureds' art from their New Jersey home and, after being
advised that the insureds had brought at least some claimed artwork to New York City, from that

Richard A. Fogel, Esq.
July 15, 2021
Page 11

location as well.[3]  Dr. Sawhney was present for at least some of these moves conducted by Aiston.

While Chubb and the insureds were coordinating the Aiston move (but before it had actually occurred), on May 21, 2020 the insureds provided Kenneth Linsner's appraisal to Chubb which Chubb immediately forwarded to AIQ for its review.  Forstell advised Chubb that with respect to all works which she had not previously seen or been presented with as part of the insureds' claim – including all items contained in Kagan's and Linsner's reports – she would need to conduct an in-person inspection before commenting further. Notably, Forstell also advised Chubb that items that were previously claimed and that had been included in her prior reports were absent from both Linsner's and Kagan's reports.  Accordingly, Chubb asked Forstell to review *all* claimed items, even those previously seen by AIQ at the Property.

As noted above, the packing and move-out of all identified works made available to the movers was completed on June 8, 2020 and these works were taken to Aiston's insured and climate-controlled storage facility in Long Island City, New York.  Thereafter, on four separate dates (June 22, July 17, July 27, August 5, 2020), AIQ transported certain items from Aiston to AIQ's Connecticut facility, as Aiston's facility was not suited to unframe and examine these works.  Additionally, on August 14, 2020, Forstell inspected limited additional items at Aiston, some of which were too large to be appropriate for transport to AIQ and others which were oil paintings that did not need to be de-framed to permit further inspection.  While Chubb offered that the insureds could have their experts present at these inspections by AIQ, in an email dated August 11, 2020, Dr. Sawhney replied, "[T]he experts have already reviewed the works and presented all the documents you requested".  Dr. Sawhney also advised Chubb in this email that there was yet more artwork the insureds were claiming, which was not provided to the movers for transport to Aiston.

On October 23, 2020, Forstell issued a report containing items from the Kagan and Linsner reports that she had inspected following the moves to Aiston. Notably, for purposes of preparing this report, Forstell called and asked Kagan why her appraisal did not comment on the actual condition of the items (other than those which Kagan deemed a total loss).  Kagan replied that she does not comment on condition, and that she told Dr. Sawhney that he should bring in a conservator or, alternatively, that she (Kagan) could bring one in for the insureds.  Kagan advised Forstell that Dr. Sawhney declined to bring in a conservator at that time.  Kagan also

---

[3] As it concerns the need for Aiston to pick up art at the insureds' New York residence, on June 2, 2020, McCudden emailed Dr. Sawhney stating, "I just heard back from Aiston art, they mentioned art potentially needing to be picked up from an apartment in New York City.  If this is the case, can you please provide information on the specific pieces that need to be moved from there?"  Dr. Sawhney replied via email on the same day stating, "Hi mike  We moved some Indian pieces and the Antonia blanco to ny".

Richard A. Fogel, Esq.
July 15, 2021
Page 12

would not comment on the Linsner appraisals.  Accordingly, Forstell's October 23 report totaling $82,177.38 assessed all damage (as opposed to just the replacement cost as included by Kagan) for each reviewed item.  As Forstell noted in the preface of that report, the damage she observed to many items appeared to pre-date the February 25, 2019 loss.  Where both Kagan and Asset IQ concluded that any particular item was a total loss, Forstell indicated that the numbers they each assigned for the particular piece were reasonably close to each other.

On October 7, 2020, the insureds presented Chubb with a list of approximately 50 additional allegedly damaged items located at their New Jersey home which Forstell had never seen nor had ever been brought to her attention.   Accordingly, Chubb requested that Forstell again return to the Property to inspect these items and McCudden reached out to the insureds to coordinate this inspection.  Since Dr. Sawhney was then in California, the inspection was coordinated to accommodate his return to New Jersey as well as Forstell's availability.  Forstell ultimately returned to the Property on seven separate dates to inspect these yet additional items.  On the first date Forstell returned to the Property (11/6/20), she brought Dr. Sawhney's list of new items to review those with him and inspect the listed pieces.  When Forstell asked Dr. Sawhney to show her where the additional allegedly damaged items were located, Dr. Sawhney took Forstell room by room, and showed her items located all over the house.  When Dr. Sawhney started showing Forstell additional items that were not on his list and Forstell brought this fact to his attention, Dr. Sawhney told Forstell to write down at these additional items as they were also part of the insureds' claim.  As Dr. Sawhney continued show Forstell items not on the list he emailed to Chubb on October 7, 2020, and Forstell continued noting this fact, Sawhney replied that his list did not matter as the insureds were claiming all art, books and paper in the Property because he felt that everything was ruined.  Given the expanded scope of the items the insureds were now claiming, Forstell went back to the Property for follow-up inspections of these additional items six additional times (11/11/20; 11/18/20; 11/19/20; 1/4/21; 1/8/21 and 1/12/21).  During these inspections, Forstell examined items in every wing of the home including but not limited to items in the kitchen, bedrooms, living room, basement and attic.  Forstell examined and documented everything Dr. Sawhney showed her which totaled approximately 1200 additional items over and above the items listed in Forstell's April 16, 2020 report.

**2021**

On February 10, 2021, Linsner traveled to AIQ's facility in Danbury, Connecticut with the intention of inspecting what he believed to be the now unframed Indian art that he had previously inspected in a framed condition at the Property.  For all unframed pieces Linsner had previously examined in their frames, Linsner's opinion regarding the condition of the items remained unchanged.  Of note, of those pieces that Linsner inspected at AIQ, he advised Forstell that two of these pieces he had never seen before.  Likewise, Linsner reported that he believed two pieces of framed Indian art that he did see previously, in frames, and at the Property were

Richard A. Fogel, Esq.
July 15, 2021
Page 13

not then located at AIQ.  Since AIQ had previously removed from Aiston, and brought to its facility, all framed Indian art that Aiston had removed from the Property, it appears that the insureds did not direct Aiston to remove these two pieces of framed Indian art that Linsner had previously inspected at the Property during the move to Aiston's facility.

**Request for Inventory of Art Items, with Photographs**

You requested that Chubb provide an inventory of your clients' property currently in Chubb's possession.  On June 30, 2021, I provided you with an inventory of all items currently located at AIQ, including photographs, which I have enclosed herein for your ready reference as Exhibit "D."  Enclosed herein as Exhibit "E" is an inventory of all items located at Aiston.  As I advised when we spoke last week, the Aiston inventory does not include photographs.  However, Chubb offered to have Forstell go to Aiston and perform such photographic inventory, which offer still stands.  Contrary to your allegations, Chubb did not "stick [your clients' art] in boxes and forget about them."  Moreover, as explained in greater detail below, Chubb does not consider any items of art "missing" including "rock and roll memorabilia, electric guitars and/or John Lennon related pieces."  To the contrary, any items relocated from the insureds' New Jersey or New York homes are located at AIQ or Aiston and are listed on the respective inventories from those facilities.

**Alleged "Missing Art" Items**

On April 13, 2021, you sent correspondence attaching a document titled "Missing Art" which you characterized as "an enclosed list of art from my clients' house and they believe was taken by Diane but is not listed in any of her catalogs." Please note that AIQ did not "take" any art from the insured at any time; all art moving was handled by Aiston Fine Art Movers.  As noted on AIQ's inventory which we provided on June 30, 2021 (Exhibit "D"), AIQ has possession of one item on your alleged "Missing Art" list (your 27th item), the "Bougerau [sic] and Eva Gardner hand colored piece."  As you will see, this is the second item listed in AIQ's inventory.

In your July 1, 2021 email, you allege that AIQ, "provides yet another cryptic spreadsheet as to missing art.  Does Chubb have the items or not?  What does the new spreadsheet mean?  I understand from the spreadsheet that AIQ saw some of the times [sic] and didn't see others, but it does not answer the question where are the items now."  Again, Chubb does not agree, and has never agreed, that any of the items on the list you titled "Missing Art" are, in fact, missing.  Chubb also does not agree that AIQ's chart, which I provided on June 30, 2021 (enclosed herein for your ready reference as Exhibit "F"), is "cryptic."  To the contrary, AIQ's chart identifies the item you listed on your alleged "Missing Art" list and then sets forth additional identifying information, if applicable, for each piece.  Specifically, AIQ provided additional identifying information including: (1) whether or not they saw the item; (2) the date they saw the item (if they saw it); and (3) the location where they saw the item (again, if they

Richard A. Fogel, Esq.
July 15, 2021
Page 14

saw it).[4] If AIQ never saw the item(s), they noted that on the chart.  For the items that AIQ saw at the Property, as noted, Chubb has no further knowledge of these items beyond the fact that AIQ saw them at the Property.  To the extent you have any specific questions relating to this list which form the basis of your characterization of the list as "cryptic," please advise and I would be happy to discuss further.

**Moving Forward**

In your July 1, 2021 email, you state that are "pleased [Chubb] agree[s] with your proposal to meet and go through the inventory with the appropriate expert, McGowan as to restoration of each piece." Contrary to your statement, as noted above, what Chubb agreed to is for Forstell and the insureds or their representatives (if they so choose) to go to Aiston and photograph the items located there.  As you and I have discussed repeatedly, and as also noted above, Chubb is investigating whether damage, if any, to the additional artwork beyond those pieces that Chubb has already issued payment, was caused by this loss.  To this end, I sent you a letter on Chubb's behalf on February 18, 2021 which letter requested that your clients produce various enumerated supporting claim documents as well as information on a detailed chart enclosed with that letter.  The deadline set forth in my letter for the production of these records and information was March 11, 2021.  Assuming the records and information were produced by the March 11, 2021 document production deadline, Chubb requested that your clients appear for their Examinations Under Oath on March 31 and April 1, 2021.  As of the writing of this letter, we have received none of the requested documents and information set forth in my February 18, 2021 letter, nor have we received the completed spreadsheet from your clients.  Instead, we have received correspondences from you requesting information and answers to questions, and the Examination Under Oath process has been stalled while we have worked through these issues. The quickest way for Chubb to move forward with its claim investigation is for your clients to produce the requested supporting claim documents and the completed spreadsheet.  Chubb needs to complete its ongoing claim investigation before determining whether or not the applicable policy of insurance provides coverage for all of the items currently being claimed as damaged by your clients. This is not litigation as characterized in your March 31, 2021 email, rather it is Chubb electing to further investigate this claim as permitted under the policy's "Your duties after a loss" provision and New Jersey law.  Indeed, Chubb disagrees with you that "litigating" this matter "is the only alternative."  Chubb has a right under the policy and the law to investigate this claim, and your clients have certain duties to cooperate as noted in the Policy.  Chubb is confident that if your clients produce the requested records and information, it can quickly move forward with reviewing same and rescheduling their examinations for dates in the very near future.  Again, I look forward to speaking with you further after you have had the opportunity to review this correspondence.

---

[4] As AIQ noted, they saw some items in your clients' home.  They also noted that they saw two Moses Soyer paintings and an Edgar oil painting at Aiston.

Richard A. Fogel, Esq.
July 15, 2021
Page 15


Waiving none, but in all other respects reserving to Chubb Insurance Company of New Jersey, all of its rights and defenses under and pursuant to the policy of insurance involved herein, I remain,

Very truly yours,

**MCCLELLAN BERNSTIEL, LLP**

Cynthia L. Bernstiel, Esquire

CLB/lag
Enclosures

# Exhibit A

**<u>Sawhney Chubb Chronology Drafted by Attorney Richard Fogel</u>
<u>with Chubb's Annotations</u>**

2019-2-25  Notice of Claim (no copy) 45 Oak Bend Rd., West Orange, N.J. – wind in storm caused falling tree limb damage to house – primarily roof, upstairs bedroom, attic.

2019-2-25  Kagan reports estimate value of artwork as of this date, excluding Indian art work, with assumption of provenance and authenticity (report not issued until 2020-2-10). No comments on condition or needed repair.

> **Kagan's report speaks for itself, except insofar as Kagan herself has provided clarification or modification via follow-up correspondences.  [Example: Kagan's 4/28/20 email to Forstell and McCudden clarifies, "as I mentioned, everything is assumed to be in 'good' condition prior to the event which caused the damage; I have no way of knowing otherwise since I did not see anything before August 29, 2019."]**

2019-2-26  Chubb send engineer to inspect home – Applied Eng'g and further inspections on 2019-3-6.

> **On February 26, 2019, Gemini Restoration Incorporated (on behalf of Chubb) and Mike McCudden were at the property.  An engineer from Applied Engineering ("AET") inspected the home on 3/6/19, 3/29/19 and 8/12/19.**

2019-3-7  Client email to Chubb Eng'g expert told clients extensive water leakage into walls.

> **Please provide this email for clarity and Chubb will provide a further response, as appropriate.  Following their March 6, 2019 inspection, AET noted "long-term water leakage" (not "extensive" water leakage) and in their March 6, 2019 report stated, "This plaster wall delamination is due primarily to long-term water infiltration and deterioration of the clay brick backup wall. The tree impact may have created a new water leak; however, the clay brick deterioration is due to long-term moisture infiltration at this location."**

2019-3-11  Chubb email retained art expert (Asset IQ) to review all the affected artwork.

> **McCudden's email to Dr. Bhardwaj is a writing which speaks for itself regarding its contents.**

2019-3-16  Client email to Chubb art expert (Asset IQ) is at house, will be back in future to document all the artwork.

> **Please provide this email for clarity and Chubb will provide a further response, as appropriate.**

2019-3-27  Chubb emails he will be there with experts on Friday.

**Chubb in this reference indicates Mike McCudden.  McCudden's email to the insureds is a writing which speaks for itself regarding its contents.  Note that per Mike McCudden's 3/27/19 email, "experts" indicate an engineer and the building contractor (Castle Ridge).**

2019-4-4 Chubb and client exchange emails about art report.

**Referenced email exchanges are writings with speak for themselves regarding their contents.  Note that in these emails, Nina Bhardwaj requests information about estimates, starting work on repairs, solar panels, and asks "can you also find out about art report."**

2019-4-5  Chubb email to clients waiting on Asset IQ for art report.

**Appears to refer to above-mentioned 2019-4-4 email thread.  Please confirm.**

2019-4-8  Chubb email to clients re Asset IQ to provide artwork report.

**Appears to refer to a 2019-4-9 email.  Please confirm.**

2019-4-15 Chubb acknowledges claim and accepts certain liabilities for damage to house while disclaiming others (no mention of art) total $138,435.

**Insureds submitted claim on 2/25/19; Chubb acknowledged the claim the same day. Mike McCudden's letter to the insureds dated 4/15/19 stated: *"I have attached our building consultant's report for covered damages to your home totaling $145,367.62. Please share this estimate with your contractor. Should he or she have any concerns about pricing or scope, please direct them to me prior to beginning work. We will work with your contractor to figure out any discrepancies. In addition to this report, we are waiting for our art experts report on valuation of damages to artwork. Once this is received, we will forward a copy to you and issue payment for these damages."***

2019-4-16 Client email to Chubb re concerns about damage to artwork in attic.

**Dr. Bhardwaj's email to McCudden dated 4/16/19 is a writing which speaks for itself as to its contents.**

2019-4-22 Client email to Chubb re estimate for moving art.

**Please provide this email for clarity and Chubb will provide a further response, as appropriate.**

2019-4-29 Chubb and McGowan exchange emails about storing art and cleaning art.

**McCudden's response to McGowan on 4/29/2019 is a writing which speaks for itself as to its contents.**

2019-4-29 McGowan email to clients re call from Chubb re art claim – Chubb to take possession – comments on cleaning immediately.

**Please provide this email for clarity, and/or confirm that this entry refers to McGowan's letter dated 4/26/19 to the insureds.**

2019-4-30 Chubb email to clients and Diane email to Chubb re move and sort all artwork.

**McCudden and Forstell's referenced emails are writings which speak for themselves as to their contents.**

2019-5-7   Asset IQ Art Report $95,179 damages (when was art claim made?).

**There is no separate "art claim", because the Policy does not provide separate art coverage.  Any payments for damage to the insureds' artwork were paid under the Policy's limit for contents coverage.**

2019-5-8   McGowan meets with Diane to review art collection Diane acknowledged she was only appraising value and damage – not repair as per McGowan email dated 6/24/2019. Chubb email dated 5/15/19 Diane meeting with McGowan. McGowan email dated 5/3/2019.

**McGowan's 5/3/19 and 6/24/19 emails, and Chubb's 5/15/19 email, are writings which speak for themselves as to their contents.**

2019-5-9 Chubb and clients exchange emails re Art report, mold on art.

**Please provide the referenced emails from this date for clarity, including any emails regarding "mold on art."**

2019-5-13 Various emails re Asset IQ report – clients feel undervalued art.

**Please provide referenced emails from this date for clarity and Chubb will respond further,                                                   as                                                   appropriate.**

2019-5-28 Diane email to clients re questions about art.

**Please provide the referenced email for clarity and Chubb will respond further, as appropriate.**

2019-5-31 Asset IQ Art Report (supplemental) $107,260.

**Asset IQ's report(s) speak for themselves regarding their contents.**

2019-6-13 Clients Email to each other re additional damaged artwork.

**Chubb does not have this email correspondence – please provide.**

2019-6-18 McGowan email to clients explains he filled in restoration numbers on Asset IQ spread sheet and obtained further list of works from clients.

**Chubb does not have this email correspondence – please provide.**

2019-6-23 McGowan meets with Dr. Sawhney to review additional artworks not on Diane's spread sheet – as per 6/24/29 McGowan email.

**McGowan's 6/24/19 email is a writing which speaks for itself as to its contents.**

2019-6-24 McGowan email describes estimates he gave to Diane at meeting of basic cleaning.

**McGowan's 6/24/19 email is a writing which speaks for itself as to its contents.**

2019-6-27 McGowan email to clients – met with Chubb at NJ home inspected artwork – discussed need for restoration immediately refers to initial cost proposal April 26 which was for initial condition assessment and basic cleaning and then decide what further steps were approved. Chubb indicated they approved on April 26 and would confer for further authorization for further work.

**Chubb does not have the referenced 6/27/19 email – please provide.  Note – Chubb does not appear to have been able to "approve on April 26" the referenced "initial cost proposal" drafted by McGowan as McCudden did not even receive McGowan's proposal until April 29, 2019 when Dr. Bhardwaj forwarded it to McCudden.**

2019-7-2 McGowan email to Diane, Chubb re estimates provided for restoration (on Asset IQ report per 6/24/19 McGowan email).

**Emails between McGowan, Forstell, McCudden and the insureds to arrange a voice conference in July are writings which speak for themselves as to their contents.0**

2019-7-10 McGowan email met with Chubb and Diane – They agreed to begin restoration work – need to remove from frames and that damage may be more extensive as work proceeds.

**Please provide the referenced email for clarity and Chubb will respond further, as appropriate.**

2019-7-10 Sawhney email to Chubb retained art expert for valuation and will provide report to Chubb.

**Please provide the referenced email for clarity and Chubb will respond further, as appropriate.**

2019-7-12 Chubb email will issue check for artwork as soon as asset IQ supplemental report received.

**The referenced email is a writing which speaks for itself regarding its contents.**

2019-7-15 Asset IQ Art Report (supplemental?) $126,260.

**$126,472.36 is the correct number and is a new total, not an additional total.  Please refer to July 17, 2019 email from McCudden to insureds stating "Revised Restoration Report Total - $126,472.36   Less Prior Payments - $106,407.61 Total Owed - $20,371"**

2019-7-17 Chubb Email re art restoration work says restoration work was approved by McGowan checks issued – still needs some info about other work.

**McCudden's 7/17/19 email to the insureds quotes Diane Forstell; each portion speaks for itself as to its contents.  Please further note that on July 17, 2019, McCudden emails McGowan as follows:  "Hi Gary [McGowan], Please see the email and attached report from Diane. All payments per the report have been issued direct to the insured. Please let me know if you have any questions or concerns. Thank you, Mike."**

2019-7-?  Chubb email dated 9/9/20 says Asset IQ came to agreement with Dr. Sawhney's "art conservator" on restoration work and <u>check was issued</u> ? but work never done. Says there were other artwork that was total loss but parties differed as to value and Chubb requested supporting documentation.

**On 7/18/19, Chubb issued a $20,731 check to the insureds, which was a supplement to Chubb's prior payments totaling $106,407 (July 18 check also included $666.41 for damaged sprinklers).  All checks for damaged contents were issued by Chubb directly to the insureds, with the knowledge of their vendor (McGowan).**

2019-7-18, 28 McGowan has approval from Chubb to begin restoration work  - has to move art.

**Please provide the referenced emails dated 7/18/19 and 7/28/19 for clarity and Chubb will respond further, as appropriate.**

2019-8-7 McGowan email to clients begin restoration asap or work may be irreparably harmed.

> **Chubb does not have this email correspondence – please provide. Please further provide any relevant responses from insured regarding use of funds issued from the prior three checks for contents damage.**

2019-8-19 Chubb Email acknowledging Dr. Sawhney's request to retain his own expert to evaluate artwork "I agree that it is your next best step".

> **Please provide the referenced email for clarity and Chubb will respond further, as appropriate.**

2019-8-19 McGowan email to Sawhneys acknowledging they want to begin restoration.

> **Chubb does not have this email – please provide.**

2019-8-29 Chubb letter re: Flat roof damage.

> **Chubb's letter dated August 29, 2019 is a writing which speaks for itself regarding its contents.**

2019-9-10 Dr. Sawhney email to Chubb – preparing reports on artwork 2-3 weeks.

> **Please provide the referenced email for clarity and Chubb will respond further, as appropriate.**

2019-9-11 Email from McGowan to Dr. Sawhney re Asset IQ did not take into account mold damage and he will await Kagan's report. Chubb agreed to move items to McGowan's premises.

> **Please confirm this refers to the following email dated September 10, 2019 wherein McGowan states:**
>
> **"...although Chubb had agreed to my cost proposal for moving and transporting selected artwork to my studio for conservation, I am unaware of their response and/or agreement utilizing an additional art handling firm... I would be more than happy to provide a revised estimate for this aspect of your project, if you feel that my coordination of the moving and organizing of the individual art pieces is needed."**

2019-11-22 Exchange of emails regarding extensive expert reports on artwork

> **Please provide all referenced email exchanges for clarity and Chubb will respond further, as appropriate.**

2020-2-10 Kagan Issues Appraisal Reports all artwork (damaged or not) with assumptions excluding Indian artwork $4,434,300.0074.

> **Kagan's report speaks for itself, except insofar as Kagan herself has provided clarification or modification via follow-up correspondences.**

2020-2-29 Linsner Report of Indian artwork replacement cost for 56 pieces of art and estimates of repair costs for same where applicable and comments on condition.

> **Note that Linsner's report dated 2/29/20 was not provided to Chubb until 5/21/20. See below.**

2020-3-? Chubb email dated 9/9/20 says it received appraisers report (Linsner?) but majority of pieces were never claimed to be damaged. Chubb says Asset IQ revised its estimates and some values were added, and some went up and some went down, and check was issued?

> **Please provide any correspondences from March 2020 referenced in this entry and Chubb will response further, as appropriate.**

> **Note that this entry refers to an email from Mike McCudden dated 9/9/20. McCudden's 9/9/20 email is a writing that speaks for itself regarding its contents.  Note that any reference by McCudden to an appraiser's report received by March 2020, references Bonnie Kagan's report as Linsner's report was not finalized until (per insureds' 2020-4-20 email) the end of April 2020, nor provided to Chubb until May 21, 2020.**

> **Note that Chubb issued payments to the insureds based upon AIQ's first four reports.  If "some went up and some went down" is a reference to a particular item of controversy, please provide the source and Chubb will respond further as appropriate.  The source of this "March ?" date regarding Chubb's payments to the insureds is unclear (checks were issued in May 2019, June 2019, and July 2019, and an EFT payment was issued in April 2020).**

2020-3-24 Kagan revises report to add a few pieces.

> **Kagan's report speaks for itself, except insofar as Kagan herself has provided clarification or modification via correspondence.**

2020-4-6 Chubb acknowledges receipt of Book 1 of Kagan report.

> **McCudden's email dated 4/6/20, as well as other emails arranging transmission or receipt of Kagan's report, are writings which speak for themselves as to their contents.  Note that on 3/13/20, McCudden emails the insureds stating, "I have received the [Kagan] report, I've forwarded it to our appraiser, Diane Forstell, for review."**

2020-4-14 Asset IQ Art Report – spreadsheet – purpose not clear.

**The April 14, 2020 AIQ report was revised on April 16, 2020. Said revised report was issued to the insured on April 22, 2020. (We provided you additionally with a copy of the April 14, 2020 version.) The April 16, 2020 AIQ report (the fourth report from which a payment was sourced since date of loss) was issued as part of the ongoing evaluation of the claim. An EFT payment was issued April 22 to adjust settlement to the updated AIQ total. Please reference email dated 4/22/20 from McCudden to insureds, which stated, in pertinent part, as follows:**

**"...Attached is Diane's revised report with pricing of the affected works per pricing provided by your appraiser. Your conservator was supposed to get back to her regarding piece SWAR21012, however she has not heard back. She included her estimated cost to restore the piece in this report..."**

2020-4-?  Chubb email dated 9/9/20 states insureds advised Chubb in April 2020 that all artwork in home was affected.

> **Please refer to 5/1/20 reservation of rights letter acknowledging that Chubb was aware from the insureds that they are presenting additional items.**

2020-4-20 Email advises Chubb that Linsner is submitting report for Indian artwork. Chubb acknowledges it has Kagan's report.

> **Please provide this email for clarity, or, alternatively, please confirm this entry is referencing a 4/20/20 email from the insureds to McCudden stating "Kenneth linser. Is doing the Asian art. The rock and roll is separate  Thanks."**

2020-4-22 Chubb email total of $141,101.31 issued payment (to whom and for what-restoration?)

> **Chubb issued payment  for $141,101.31 to insureds Ramesh Sawhney and Nina Bhardwaj. Chubb's email indicates payment of $14,628.95 on this date was for claimed contents damage, cumulative with earlier payments and totaling $141,101.31. Chubb is unaware what the insureds used this money for after Chubb's payment was issued.**

2020-5-1  Chubb letter acknowledges "additional art damage," when or what is not clearly identified.

> **Chubb's May 1, 2020 reservation of rights letter is a writing which speaks for itself regarding its contents.   Chubb sent this letter in response to an email from Dr. Sawhney on 4/22/20 stating "Mike if you see the damage reports you will see these [pieces in Kagan's report] and many more pieces were damaged," and a follow-up voice call on this date (5/1/20) from Dr. Sawhney advising that he is now claiming more of his art collection was damaged (all additional pieces were not specified by the insureds at this time).**

**Note that as of May 1, 2020, Chubb has received from the insureds: (1) McGowan's conservation and estimates (referencing 50-60 pieces of artwork); and (2) Kagan's report (listing approximately 162 pieces of artwork and making clear that she has relied on the insureds' representation that the pieces of artwork referenced as damaged sustained such damage as a result of the 2/25/19 loss). Chubb has also been notified at this time that an even further report from Kenneth Linsner regarding the insureds' Asian art will be forthcoming. Linsner ultimately issued his report referencing 56 pieces of Asian art and, like Kagan, made clear that he has relied on the insureds' representation that the pieces of artwork referenced as damaged sustained such damage as a result of the 2/25/19 loss.**

2020-5-4   Chubb email asks to take possession of artwork <span style="color:red">Chubb email dated 9/9/20 says in May 2020 it began process of moving all the claimed pieces (same as all pieces?) to a secure location.</span>

**McCudden's 5/4/20 email (as well as his additional referenced email dated 9/9/20) are writings which speaks for themselves regarding their contents. Note that given the insureds' expansion of their contents claim, McCudden advised the insureds that Chubb wished to secure all artworks that the insureds were now claiming. Accordingly, Chubb thereafter arranged for all claimed piece of art to be moved to Aiston's secure, climate-controlled facility. Said moves occurred from the New Jersey home to Aiston on June 1, 2, 5 and 6, 2020 and from the insureds' New York apartment to Aiston on June 8, 2020.**

2020-5-6   Numerous emails exchanged regarding pick up of the artwork.

**McCudden's emails dated May 6, 2020 scheduling the Aiston move are writings which speak for themselves regarding their contents.**

2020-5-22 Exchange of emails re scope of damaged artwork.

**Please provide the referenced 5/22/20 emails for clarity and Chubb will respond further, as appropriate.**

2020-5-26 Chubb email acknowledges receipt of Kagan report.

**McCudden's referenced email dated 5/26/20 is a writing which speaks for itself regarding its contents**

2020-9-10 Dr. Sawhney email to Chubb says he is preparing comprehensive report of all damaged artwork which will be ready in 2-3 weeks.

**Please confirm that in Dr. Sawhney's 9/10/20 email, he is referring to artworks and other contents that were not made available for pickup by Aiston on the**

numerous dates referenced above when Aiston moved other pieces of the insureds' artwork.

2020-9-20 Chubb Email Chronology offers to have Dr. Sawhney's expert present with Asset IQ

> **Please provide the referenced 9/20/20-dated email chronology for clarity and Chubb will respond further, as appropriate. Note that in a May 27, 2020 email from McCudden to the insureds, McCudden stated, "[Chubb] would like to have [its] appraisal expert and conservator experts conduct a joint inspection with your experts."**

2020-9-23 Chubb email acknowledges receipt of expert's reports (<u>which reports</u>?) Asks about picking up additional pieces and joint inspection.

> **Mike McCudden's 9/23/20 email is a writing which speaks for itself regarding its contents. Note that as of 9/23/20, the insureds have submitted to Chubb reports from three experts: McGowan, Kagan, and Linsner. The insureds had not made Chubb aware of any additional experts or expert reports as of this time. Note further that in McCudden's 9/23/20 email, he requests that the insureds provide a specific list of items being claimed that were left off any prior reports, and that the insureds further advise if they want their experts present at AIQ for the inspection.**

2020-10-23 Asset IQ Additional Items $82,177 (again not clear).

> **The AIQ report dated 10/23/20 is a writing which speaks for itself regarding its contents. Note that AIQ's 10/23/20 report indicates they reviewed items of the insureds' artwork at Aiston, and that they specified in their report any damage to each piece, even if said damage pre-dated the instant loss.**

2020-11-4   Chubb email and back and forth regarding additional inspection by Diane from Asset IQ.

> **The referenced emails between Chubb and the insureds are writings which speak for themselves regarding their contents. Note that the additional inspection by AIQ noted in the 11/4/20 emails referenced AIQ's inspection at the insureds' New Jersey home (which thereafter occurred 2 days later, on 11/6/20). This was to be of approximately 47 additional pieces which the insureds identified to Chubb in an email dated 9/30/20. In fact, this extended into multiple dates to inspect any item Dr. Sawhney was now claiming, regardless of whether or not it had been previously claimed or identified.**

2020-11-10 Chubb email stating he spoke with Linsner and requests joint inspection with Diane and Linsner.

> **McCudden's 11/10/20 email to Linsner is a writing which speaks for itself regarding its contents.**

2020-11-18 Gary McGowan email -artwork not treated has now dried out rendering initial conservatorship recommendations moot. This damage has "irreversibly" damaged the artwork in many cases. Says he met with Asset IQ, Chubb and Dr. Sawhney on several occasions.

> **McGowan's 11/18/20 email is a writing which speaks for itself regarding its contents. Note that in this email, McGowan confirms that the insureds never retained him to perform any conservation work with the money Chubb had paid them to date under their contents coverage in the Policy.**

2021-2-10 Linsner email – he inspected the bulk of the Indian artwork at Asset IQ in Danbury. Not all pieces there

> **Please provide this email for clarity and Chubb will respond further, as appropriate. Per Diane Forstell, the number of items was correct, but two items did not correspond as Linsner had numbered them.**

2021-2-21 Chubb Email stating he will request EUOs

> **McCudden's 2/21/21 email is a writing which speaks for itself regarding its contents.**

2021-2-11 Emails between Dr. Sawhney and Linsner confirming inspection of artwork in Danbury at Asset IQ but some were missing.

> **The referenced emails dated 2/11/21 are writings which speak for themselves regarding their contents.**

2021-2-18 Chubb Attorney 21 pages of demands.

> **Attorney Bernstiel's letter, which cites the applicable policy provisions requiring the insureds' cooperation with Chubb's ongoing claim investigation and requests that the insureds produce certain enumerated supporting claim documents by March 11, 2021 and that they appear for Examinations Under Oath on March 31, 2021 and April 1, 2021 is a writing which speaks for itself regarding its contents.**

2021-3-2 McGowan Email re: work never done to repair, and damage may be irreversible.

> **Please provide this email for clarity and Chubb will respond further, as appropriate.**

# Exhibit B

# Check Inquiry Summary

**BANK OF AMERICA**

Account Number:   3359869800

Account Name:   Claims Lines & CFS Chubb and Son

Bank ID:   061000052



| Check Details | |
|---|---|
| **Check Number:** 4884398 | **Amount:** 14,628.95 |
| **Account Number:** 3359869800 | **Posted Date:** 07/01/2020 |
| **Account Name:** Claims Lines & CFS Chubb and Son | |
| **Bank ID:** 061000052 | |

1

## Check Inquiry Summary

**BANK OF AMERICA**

Account Number:   3359869800

Account Name:   Claims Lines & CFS Chubb and Son

Bank ID:   061000052

| Electronic Endorsement Information |
|---|
| **BOFD - Bank Of First Deposit** |
| **Bank Name:** BANK OF AMERICA, NA (BOFD) |
| **Date:** 06/30/2020 |
| **R/T:** 111310346 |
| **Sequence Number:** 001192406484 |

# Check Inquiry Summary

**BANK OF AMERICA**

Account Number:   3359869800

Account Name:   Claims Lines & CFS Chubb and Son

Bank ID:   061000052



## Check Details

| | | |
|---|---|---|
| **Check Number:** 4196279 | | **Amount:** 94,326.17 |
| **Account Number:** 3359869800 | | **Posted Date:** 06/04/2019 |
| **Account Name:** Claims Lines & CFS Chubb and Son | | |
| **Bank ID:** 061000052 | | |

# Check Inquiry Summary

**BANK OF AMERICA**

Account Number:   3359869800

Account Name:   Claims Lines & CFS Chubb and Son

Bank ID:   061000052

| Electronic Endorsement Information |
| --- |

**BOFD - Bank Of First Deposit**

**Bank Name:** BANK OF AMERICA, NA (BOFD)

**Date:** 06/03/2019

**R/T:** 111310346

**Sequence Number:** 001292414449

# Check Inquiry Summary

**BANK OF AMERICA**

Account Number:   3359869800

Account Name:   Claims Lines & CFS Chubb and Son

Bank ID:   061000052



| Check Details | | |
|---|---|---|
| **Check Number:** 4246505 | **Amount:** 12,081.44 | |
| **Account Number:** 3359869800 | **Posted Date:** 07/02/2019 | |
| **Account Name:** Claims Lines & CFS Chubb and Son | | |
| **Bank ID:** 061000052 | | |

1

# Check Inquiry Summary

**BANK OF AMERICA**

Account Number:   3359869800

Account Name:   Claims Lines & CFS Chubb and Son

Bank ID:   061000052

| Electronic Endorsement Information |
| --- |

**BOFD - Bank Of First Deposit**

**Bank Name:** BANK OF AMERICA, NA (BOFD)

**Date:** 07/01/2019

**R/T:** 111310346

**Sequence Number:** 006392080178

# Check Inquiry Summary

**BANK OF AMERICA**

Account Number:   3359869800

Account Name:   Claims Lines & CFS Chubb and Son

Bank ID:   061000052





| Check Details | |
|---|---|
| **Check Number:** 4306186 | **Amount:** 20,731.16 |
| **Account Number:** 3359869800 | **Posted Date:** 07/23/2019 |
| **Account Name:** Claims Lines & CFS Chubb and Son | |
| **Bank ID:** 061000052 | |

## Check Inquiry Summary

**BANK OF AMERICA**

Account Number:   3359869800

Account Name:   Claims Lines & CFS Chubb and Son

Bank ID:   061000052

| Electronic Endorsement Information |
|---|
| **BOFD - Bank Of First Deposit** |

**Bank Name:** BANK OF AMERICA, NA (BOFD)

**Date:** 07/22/2019

**R/T:** 111310346

**Sequence Number:** 006292848038

# Exhibit C

**Asset IQ, LLC**
1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121

| | |
|---|---|
| **Client:** | **Sawhney, Ramesh & Bhadrwaj, Nina** |
| **Location:** | 45 Oak Bend Rd. South, West Orange, NJ |
| **Claim #:** | 047519006886-Chubb |
| **D/L:** | 02/25/2018 |

05/07/19 **Intermim Content Report**

**LOCATION:   Attic**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNAR10037 | Art, Cast Paper, BAT [o: 34 x 21, unframed, white, signed, titled, multiple pieces broken off] - | TL | 1 | 1,100.00 | 1,100.00 | 72.88 | $ 1,172.88 |
| SNAR10013 | Art, Cast Paper, Paper Sculpture [a: 39 x 25, signed, unframed, cockled] - RICHARD ROYCE | TL | 2 | 1,100.00 | 2,200.00 | 145.75 | $ 2,345.75 |
| SNAR10048 | Art, Cast Pulp [29 x 22, unframed, pearly white, corners damaged, dirty] - RICHARD ROYCE | TL | 1 | 750.00 | 750.00 | 49.69 | $ 799.69 |
| SNAR10049 | Art, Cast Pulp, Homage a San #3 [29 x 21, unframed, purple tones, dated '84, wrapped in plastic] - RICHARD ROYCE | TL | 1 | 750.00 | 750.00 | 49.69 | $ 799.69 |
| SNAR10030 | Art, Colored Etching, Little Sarah [o: 18 x 14, a: 13 1/2 x 9, art water damaged, frame 2 1/4 x 1] - CURRIER & IVES | TL | 1 | 75.00 | 75.00 | 4.97 | $ 79.97 |
| SNAR10001 | Art, Drawing, Baby at Mothers Breast [o: 42 x 32, a: 32 1/2 x 23 1/2, frame vinyl bullnose 2 x 1/2", single mat, glass broken, frame damaged, art dirty] - PICASSO | Clean Art, Reframe | 1 | 2,600.00 | 2,600.00 | 172.25 | $ 2,772.25 |
| SNAR10029 | Art, Drawing, Charcoal on Paper [o: 19 x 25, a: 17 x 22, signed, artists proof, under glass, glass broken and fallen inside, birchwood look frame 1 x 1 3/4,] - DE KOONING | Clean/flatten art, Reframe | 1 | 2,200.00 | 2,200.00 | 145.75 | $ 2,345.75 |
| SNAR10050 | Art, Etching [o: 24 x 20, framed under glass] - | Reframe | 2 | 350.00 | 700.00 | 46.38 | $ 746.38 |
| SNAR10039 | Art, Etching, Men Playing Cards [o: 30 x 34, a: 17 x 22, under glass, signed, stamped on lower left, double matted, satin wood frame 3  1 with gold filet] - | Clean Art, Reframe | 1 | 1,300.00 | 1,300.00 | 86.13 | $ 1,386.13 |
| SNAR10051 | Art, Etching, Pilgrim Exiles [o: 17 x 23, a: 10 x 17, wooden bullnose frame 1 x 1/2] - | Reframe | 1 | 325.00 | 325.00 | 21.53 | $ 346.53 |

# ASSET IQ

**Asset IQ, LLC**
1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121

| | |
|---|---|
| **Client:** | Sawhney, Ramesh & Bhadrwaj, Nina |
| **Location:** | 45 Oak Bend Rd. South, West Orange, NJ |
| **Claim #:** | 047519006886-Chubb |
| **D/L:** | 02/25/2018 |

05/07/19 — **Interim Content Report**

**LOCATION:  Attic**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNAR10023 | Art, Ink on Paper, Bouquet [o: 21 1/2 x 17 1/2, a: 15 x 12, signed , art foxed and stained, mat stained, black laquered frame 1 x 3/4] - FAIRFIELD PORTER | TL | 1 | 1,300.00 | 1,300.00 | 86.13 | $ 1,386.13 |
| SNAR10047 | Art, Lithograph, Blossom Branch [o; 27 x 32, a: 19 x 23, under glass, mold inside, art water stained, frame 1 3/4 x 3/4, signed, numbered 59/120] - KAIKO MOTI | TL | 1 | 1,150.00 | 1,150.00 | 76.19 | $ 1,226.19 |
| SNAR10022 | Art, Lithograph, Clowns in the News [o: 14 1/2 x 19 3/4, a: 8 x 13, black wooden frame with gold filet 1/2 x 3/4, signed in pencil, art stained and cockled] - JOSEPH HIRSCH | TL | 1 | 800.00 | 800.00 | 53.00 | $ 853.00 |
| SNAR10012 | Art, Multimedia, "Waterfall #98", Paper Sculpture [unframed, a; 39 x 25, cast paper, signed on verso] - | TL | 1 | 1,100.00 | 1,100.00 | 72.88 | $ 1,172.88 |
| SNAR10009 | Art, Multimedia, 2 flower pots, Paper Relief [o: 43 x 30, a: 30 1/2 x 22, framed, signed and copyrighted,  3 dimensional , cockled, dirty, float mounted on black paper board] - RICHARD ROYCE | TL | 1 | 1,450.00 | 1,450.00 | 96.06 | $ 1,546.06 |
| SNAR10015 | Art, Multimedia, 3D Dancer, Paper Sculpture [corner bent at area of signature , building debris inside plastic wrapper, artist's print] - BRUNO LUCCESI | TL | 1 | 1,000.00 | 1,000.00 | 66.25 | $ 1,066.25 |
| SNAR10014 | Art, Multimedia, Musical Instruments, Paper Sculpture [39 x 24, unframed, slightly cockled, signed] - RICHARD ROYCE | TL | 1 | 1,100.00 | 1,100.00 | 72.88 | $ 1,172.88 |
| SNAR10027 | Art, Multimedia, Skeleton Bird [o: 22 x 41 x 3 1/2, a: 14 x 31, in acrylic box frame, mounted on cloth covered stretcher board, cloth badly stained, art possibly stained, signature on verso, marked #1 on verso] - | Restore , Reframe or TL | 1 | 1,175.00 | 1,175.00 | 77.84 | $ 1,252.84 |
| SNAR10010 | Art, Multimedia, Stacked Shapes [a: 38 x 26, signed twice, paper cockled & water stained] - RICHARD ROYCE | TL | 1 | 1,100.00 | 1,100.00 | 72.88 | $ 1,172.88 |
| SNAR10003 | Art, Painting, Oil on Board, Still Life Ivy [o: 28 1/2 x 34 1/2, a: 23 x 29, frame: oak curved 2 3/4 x 2, signed lower right, art damaged with large water line in center, canvas lumpy, frame damaged] - NICOLAI CIKOVKY | TL | 1 | 2,600.00 | 2,600.00 | 172.25 | $ 2,772.25 |

**ASSET IQ**

**Asset IQ, LLC**
1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121

| | |
|---|---|
| Client: | Sawhney, Ramesh & Bhadrwaj, Nina |
| Location: | 45 Oak Bend Rd. South, West Orange, NJ |
| Claim #: | 047519006886-Chubb |
| D/L: | 02/25/2018 |

05/07/19 — **Intermim Content Report**

**LOCATION:  Attic**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNAR10006 | Art, Painting, Oil on Canvas Board, Flower Lined Road [o: 17 1/2 x 21 1/2, a: 11 1/2 x 15, frame 3 1/4 x 2 1/2 with liner & filet, signed lower left, tear upper right/center, frame paint flaking, art has missing paint | TL | 1 | 2,200.00 | 2,200.00 | 145.75 | $ 2,345.75 |
| SNAR10005 | Art, Painting, Water Color, Canadian Geese on Willapa Bay [o: 17 1/2 x 21, a: 11 1/2 x 14, frame brown wood 3/4 x 1/2, double matted, art cockled, water stained in center, frame gouged] - LOUIS WEBER | TL | 1 | 800.00 | 800.00 | 53.00 | $ 853.00 |
| SNAR10002 | Art, Painting, Water Color, Mountain Scene [o: 13 x 17, a: 8 1/4 x 11 3/4, frame: wooden 1 x 1/2", under glass, metal backed, float mounted, water stains on mat, art cockled, signed lower left, frame gouged] - G. | Flatten Art, Reframe | 1 | 1,400.00 | 1,400.00 | 92.75 | $ 1,492.75 |
| SNAR10008 | Art, Print, Leopard Cubs [o: 15 1/4 x 20 3/4, a: 14 x 19 1/2, frame wood 1/2 x 1/2, from leopard cubs playing by ralph thompson, print ref z 3725, cockled, water stained along bottom edge] - | TL | 1 | 100.00 | 100.00 | 6.63 | $ 106.63 |
| SNAR10004 | Art, Water Color, Woman on Horse [o: 17 1/2 x 13, a: 11 1/2 x 7 1/2, frame gold gilded 1 x 1, bead detail, signed lower right, mat water stained, art cockled] - CHARLES BURDICK | TL | 1 | 450.00 | 450.00 | 29.81 | $ 479.81 |
| SNFR10007 | Mirror, Neo Classical Pier style [41 x 24, wood frame, arrow & lyre at top, woodwork broken and missing , melamine backboard] - | Restore | 1 | 2,500.00 | 2,500.00 | 165.63 | $ 2,665.63 |
| SNAR10019 | Painting, Oil on Canvas [o: 35 x 30, a: 29 1/2 x 25, frame 3 x 1 1/2, paint scraped off in large areas, hole in canvas, misshapen canvas, laquer lifting from frame, signed , dated '94?] - | TL or Restore | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SNAR10035 | Painting, Oil on Canvas [o: 23 x 28 1/2 , a: 18 x 23 !/2, paint badly damaged, water lines, deteriorating, signed] - A. B. DURAND | Restore Art, Reframe | 1 | 18,000.00 | 18,000.00 | 1,192.50 | $ 19,192.50 |
| SNAR10042 | Painting, Oil on Canvas, House on Embankment [o: 30 x 44, a: 20 x 34, prior large tear restored, no signature, paint and canvas badly damaged, gessoed frame 5 1/2 x 2 with filet damaged] - | TL | 1 | 4,000.00 | 4,000.00 | 265.00 | $ 4,265.00 |
| SNAR10034 | Painting, Oil on Canvas, Moon and Sea [o: 21 x 29, a: 15 x 23, dated 1778 or 1878, gesso frame damaged, art water stained , paint lifted at bottom, canvas misshapen, frame 3 x 2 1/2] - BASLING | Restore , Reframe | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |

# ASSET IQ

**Asset IQ, LLC**
1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121

| | |
|---|---|
| Client: | **Sawhney, Ramesh & Bhadrwaj, Nina** |
| Location: | 45 Oak Bend Rd. South, West Orange, NJ |
| Claim #: | 047519006886-Chubb |
| D/L: | 02/25/2018 |

05/07/19 — **Intermim Content Report**

**LOCATION:  Attic**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNAR10028 | Painting, Oil on Canvas, River with Bridge [o: 19 x 23, a: 15 x 19, wooden frame 2 1/4 x 2 1/2, lots of debris on canvas, signed lower left, dated on verso july 1957] - GUY WIGGINS N. A. | Clean Art, Reframe | 1 | 1,400.00 | 1,400.00 | 92.75 | $ 1,492.75 |
| SNAR10043 | Painting, Oil on Canvas, Workers in Field [o: 18 x 25. a: 14 x 21, signed (hindi) holes in board, cockled, frame carved wood 2 x 1/2] - | TL or Restore | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SNAR10025 | Painting, Pastel, Still Life Fruit [o: 24 x 27, a: 16 x 20, frame 1 3/4 x 1 1/2, fabric liner and angled filet, signed , under glass, art water stained on upper edge,] - B. TAFFORD? | TL | 1 | 2,400.00 | 2,400.00 | 159.00 | $ 2,559.00 |
| SNAR10031 | Painting, Watercolor, 3 Works [o: 14 1/2 x 26, a: 6 1/2 x 20, glass broken, signed alr, on verso 2 additional works each 6 x 9 protected by plastic, art cockled, frame has small split] - A L RICHTER | Clean/flatten art, Restore frame or Reframe | 1 | 4,200.00 | 4,200.00 | 278.25 | $ 4,478.25 |
| SNAR10033 | Painting, Watercolor, Bank of Pond [o: 22 x 25, a: 15 x 19, under glass, signed, frame 1 x 3/4] - A W MORRILL | Clean Art, Reframe | 1 | 2,200.00 | 2,200.00 | 145.75 | $ 2,345.75 |
| SNAR10046 | Painting, Watercolor, Whirlpool [o: 32 x 23, a: 29 x 22, float mounted, signed, dated '77, " mono print"., metal frame] - RICHARD ROYCE | TL | 1 | 1,400.00 | 1,400.00 | 92.75 | $ 1,492.75 |
| SNAR10016 | Photograph, "Wireless Telegraphy", Photo of Edison & Hutchinson [o: 10 x 12, a: 6 1/2 x 8 1/2, small left piece of photo torn, mounting board broken top & bottom, signed (edison plus illegible) , inscribed "to | TL | 1 | 500.00 | 500.00 | 33.13 | $ 533.13 |
| SNAR10020 | Photograph, Military Figure [o: 13 x 10, a: 10 x 8, black wooden frame 1/2 x 1/2, under glass, mount board cockled & water stained, photo ok] - | Remount, Reframe | 1 | 150.00 | 150.00 | 9.94 | $ 159.94 |
| SNAR10021 | Photograph, Military Ship [o: 12 1/2 x 9 1/2, a: 10 x 8, black wooden frame 1/2 x 1/2, under glass, mount board cockled & water stained] - | Remount, Reframe | 1 | 150.00 | 150.00 | 9.94 | $ 159.94 |
| SNAR10044 | Photograph, Windings in Holland [o; 15 x 17, a: 7 x 9, signed, float mounted on paper, paper badly stained, signed and title on stained mount board, photo ok] - WALLACE NUTTING | TL | 1 | 150.00 | 150.00 | 9.94 | $ 159.94 |

| | Client: | Sawhney, Ramesh & Bhadrwaj, Nina |
|---|---|---|
| **Asset IQ, LLC** | Location: | 45 Oak Bend Rd. South, West Orange, NJ |
| 1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121 | Claim #: | 047519006886-Chubb |
| | D/L: | 02/25/2018 |

05/07/19 **Intermim Content Report**

**LOCATION:   Attic**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNAC10041 | Poster, Monet Years at Giverny [unframed, 30 x 24, on foamboard] - | TL | 1 | 75.00 | 75.00 | 4.97 | $ 79.97 |
| SNAC10045 | Poster, Porsche [o: 28 x 22, a: 22 x 16, framed under glass, glass broken,metal frame] - | TL | 1 | 250.00 | 250.00 | 16.56 | $ 266.56 |
| SNAC10024 | Poster, The Andre Meyer Galleries [37 x 24, unframed , on foamboard] - | TL | 1 | 75.00 | 75.00 | 4.97 | $ 79.97 |
| SNAR10017 | Sculpture [stone or marble, broken into multiple pieces, wooden base 1 1/2 x 5 1/2 x 7] - | TL | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SNAR10018 | Sculpture, Drawer [wooden, 6 x 15 x 23] - KEN NOLAN | TBD | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SNAR10036 | Sculpture, Space Shuttle, Homage to Calder [48 x 20, tip broken, textured shaped pulp] - RICHARD ROYCE | TL | 1 | 1,200.00 | 1,200.00 | 79.50 | $ 1,279.50 |
| SNAR10032 | Sculpture, Torso with hand and belt [hollow molded paper, 27 x 13] - JUDY CHICAGO | Clean? | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SNAC10040 | Track Drafting Machine [model l] - MUTOH | TL | 1 | 800.00 | 800.00 | 53.00 | $ 853.00 |
| SNAC10038 | Wall Hanging, Carved Wood [27 x 21 x 3, lots of sheet rock dust] - | Clean | 1 | 400.00 | 400.00 | 26.50 | $ 426.50 |

| Location Total | | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|
| | **Attic** | **69,575.00** | **4,609.40** | **$ 74,184.40** |

| ASSET IQ | | |
|---|---|---|
| **Asset IQ, LLC** | **Client:** | **Sawhney, Ramesh & Bhadrwaj, Nina** |
| 1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121 | **Location:** | 45 Oak Bend Rd. South, West Orange, NJ |
| | **Claim #:** | 047519006886-Chubb |
| | **D/L:** | 02/25/2018 |

| 05/07/19 | **Intermim Content Report** |
|---|---|

**LOCATION:    Bedroom**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNAR10052 | Sculpture, Wooden, Goddess [broken, 18"(h) , base 6" oval,] - | Restore | 1 | 2,000.00 | 2,000.00 | 132.50 | $ 2,132.50 |
| SNFR10053 | Table, Side [single drawer, 3 legged stem, finish hazy and discolored, a few small veneer pieces missing, metal paw feet, prior red stain and glass ring] - HATHAWAYS | Restore | 1 | 2,200.00 | 2,200.00 | 145.75 | $ 2,345.75 |

| Location Total | | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|
| | **Bedroom** | **4,200.00** | **278.25** | **$ 4,478.25** |

**LOCATION:    Greenhouse**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNAR10058 | Art, Cast Pulp [24 x 20, unframed, whate, dirt line along bottom, pieces falling off inside of storage bag] - LARRY RIVERS | Restore or TL | 1 | 4,141.00 | 4,141.00 | 274.34 | $ 4,415.34 |
| SNAR10059 | Art, Cast Pulp [o: 8 x 12, a: 4 x 7, unframed, matted only, textured linen like paper, on foamboard] - RICHARD ROYCE | TL | 2 | 150.00 | 300.00 | 19.88 | $ 319.88 |
| SNAR10060 | Art, Cast Pulp [matted only, unframed, 24 x 24, textured linen look paper,] - ATTRIBUTED TO ROYCE | TL | 3 | 635.00 | 1,905.00 | 126.21 | $ 2,031.21 |
| SNAR10062 | Art, Cast Pulp, Dancer [white, artist print, signed, 29 x 26, wrapped in plastic, molded] - BRUNO LUCCESI | TL | 1 | 1,200.00 | 1,200.00 | 79.50 | $ 1,279.50 |
| SNAR10061 | Art, Ditych [larger piece :30 x 21 , smaller piece 16 x 16,  on verso, statuary/silver/rest] - | TL | 1 | 975.00 | 975.00 | 64.59 | $ 1,039.59 |
| SNAR10067 | Art, Drawing [17 x 11, unframed, distroyed by mold] - CAROL GREENE | TL | 1 | 150.00 | 150.00 | 9.94 | $ 159.94 |

**Asset IQ, LLC**
1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121

| | |
|---|---|
| Client: | Sawhney, Ramesh & Bhadrwaj, Nina |
| Location: | 45 Oak Bend Rd. South, West Orange, NJ |
| Claim #: | 047519006886-Chubb |
| D/L: | 02/25/2018 |

05/07/19 **Intermim Content Report**

**LOCATION:    Greenhouse**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNAR10066 | Art, Drawing, Charcoal, Man in Hat [17 x 11, unframed, matted,] - CAROL GREENE | TL | 2 | 150.00 | 300.00 | 19.88 | $ 319.88 |
| SNAR10069 | Art, Drawing, Reclining Nude [17 x 11, unframed] - CAROL GREENE | TL | 1 | 150.00 | 150.00 | 9.94 | $ 159.94 |
| SNAR10068 | Art, Drawing, Seated Man [17 x 11, unframed, on green paper] - CAROL GREENE | TL | 1 | 150.00 | 150.00 | 9.94 | $ 159.94 |
| SNAR10064 | Art, Painting [unframed, 4 x 6, matted,] - CAROL GREENE | TL | 3 | 60.00 | 180.00 | 11.93 | $ 191.93 |
| SNAR10065 | Art, Painting [10 x 8, matted only, molded] - CAROL GREENE | TL | 2 | 95.00 | 190.00 | 12.59 | $ 202.59 |
| SNAR10063 | Art, Triptych [a; 20 x 13, matted, unframed, signed] - RICHARD ROYCE | TL | 1 | 1,150.00 | 1,150.00 | 76.19 | $ 1,226.19 |
| SNMD1007 | Stationary [assorted custom made cards] - | TL | 1 | 100.00 | 100.00 | 6.63 | $ 106.63 |

| Location Total | | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|
| | Greenhouse | 10,891.00 | 721.56 | $ 11,612.56 |

**LOCATION:    Outdoors**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNFR10071 | Planter, Pair [antique stone, 14"(h) x 18" inside diameter , (23" outside diameter), with handles, one smashed] - | TL- Salvage | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |

| ASSET iQ | | |
|---|---|---|
| **Asset IQ, LLC**<br>1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121 | **Client:** | Sawhney, Ramesh & Bhadrwaj, Nina |
| | **Location:** | 45 Oak Bend Rd. South, West Orange, NJ |
| | **Claim #:** | 047519006886-Chubb |
| | **D/L:** | 02/25/2018 |

| 05/07/19 | **Intermim Content Report** |
|---|---|

**LOCATION:   Outdoors**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNAC10072 | Weather Vane [gray painted metal, top piece with arrow motif and scrolled leaf, approx 33 x 41] - | Restore | 1 | 800.00 | 800.00 | 53.00 | $   853.00 |

| Location Total | | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|
| | **Outdoors** | **800.00** | **53.00** | **$   853.00** |

**LOCATION:   Spiral Staircase**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNAR10056 | Photograph [o; 20 x 16, sandwiched in acrylic frame] - | OK | 7 | 0.00 | 0.00 | 0.00 | $   0.00 |
| SNAR10057 | Photograph, Rani Shankar [o:  20 x 16, in acrylic frame, cockled, dated '95] - BARRIE WENTZELL | TL | 1 | 500.00 | 500.00 | 33.13 | $   533.13 |

| Location Total | | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|
| | **Spiral Staircase** | **500.00** | **33.13** | **$   533.13** |

**LOCATION:   Upstairs Hallway**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNAR10054 | Painting, Guache, Village [o" 15 1/2 x 20 3/4, a: 10 x 15, signed, dated 1931, frame twisted, art warped, frame 1 x 1] - F B YALAVATTI | Flatten Art, Reframe or TL | 1 | 1,300.00 | 1,300.00 | 86.13 | $   1,386.13 |
| SNAR10055 | Painting, People and White Birch Trees [o; 37 x 25, a: 35 x 23, under glass, dated '98, signed, art cockled, frame stained & seam opening] - TABINDA CHINOY | TL | 1 | 2,000.00 | 2,000.00 | 132.50 | $   2,132.50 |

| Location Total | | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|
| | **Upstairs Hallway** | **3,300.00** | **218.63** | **$   3,518.63** |

**Asset IQ, LLC**
1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121

| Client: | Sawhney, Ramesh & Bhadrwaj, Nina |
| --- | --- |
| Location: | 45 Oak Bend Rd. South, West Orange, NJ |
| Claim #: | 047519006886-Chubb |
| D/L: | 02/25/2018 |

05/07/19

## Intermim Content Report

### Report Summary

| | Ext. Cost | Tax | Tot. Loss |
| --- | --- | --- | --- |
| Loss Total | 89,266.00 | 5,913.97 | $ 95,179.97 |



# ASSET IQ

**Asset IQ, LLC**
1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121

| | |
|---|---|
| **Client:** | **Sawhney, Ramesh & Bhadrwaj, Nina** |
| **Location:** | 45 Oak Bend Rd. South, West Orange, NJ |
| **Claim #:** | 047519006886-Chubb |
| **D/L:** | 02/25/2018 |

| 05/31/19 | **Combined Draft Report** |
|---|---|

**LOCATION:  Attic**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| xSNAR10037 | Art, Cast Paper, BAT [o: 34 x 21, unframed, white, signed, titled, multiple pieces broken off] - | TL | 1 | 1,100.00 | 1,100.00 | 72.88 | $ 1,172.88 |
| xSNAR10013 | Art, Cast Paper, Paper Sculpture [a: 39 x 25, signed, unframed, cockled] - RICHARD ROYCE | TL | 2 | 1,100.00 | 2,200.00 | 145.75 | $ 2,345.75 |
| xSNAR10048 | Art, Cast Pulp [29 x 22, unframed, pearly white, corners damaged, dirty] - RICHARD ROYCE | TL | 1 | 750.00 | 750.00 | 49.69 | $ 799.69 |
| xSNAR10049 | Art, Cast Pulp, Homage a San #3 [29 x 21, unframed, purple tones, dated '84, wrapped in plastic] - RICHARD ROYCE | TL | 1 | 750.00 | 750.00 | 49.69 | $ 799.69 |
| xSNAR10030 | Art, Colored Etching, Little Sarah [o: 18 x 14, a: 13 1/2 x 9, art water damaged, frame 2 1/4 x 1] - CURRIER & IVES | TL | 1 | 75.00 | 75.00 | 4.97 | $ 79.97 |
| SNAR10001 | Art, Drawing, Baby at Mothers Breast [o: 42 x 32, a: 32 1/2 x 23 1/2, frame vinyl bullnose 2 x 1/2", single mat, glass broken, frame damaged, art dirty] - PICASSO | Clean Art, Reframe | 1 | 2,600.00 | 2,600.00 | 172.25 | $ 2,772.25 |
| SNAR10029 | Art, Drawing, Charcoal on Paper [o: 19 x 25, a: 17 x 22, signed, artists proof, under glass, glass broken and fallen inside, birchwood look frame 1 x 1 3/4,] - DE KOONING | Clean/flatten art, Reframe | 1 | 2,200.00 | 2,200.00 | 145.75 | $ 2,345.75 |
| SNAR10050 | Art, Etching [o: 24 x 20, framed under glass] - | Reframe | 2 | 350.00 | 700.00 | 46.38 | $ 746.38 |
| SNAR10039 | Art, Etching, Men Playing Cards [o: 30 x 34, a: 17 x 22, under glass, signed, stamped on lower left, double matted, satin wood frame 3  1 with gold filet] - | Clean Art, Reframe | 1 | 1,300.00 | 1,300.00 | 86.13 | $ 1,386.13 |
| SNAR10051 | Art, Etching, Pilgrim Exiles [o: 17 x 23, a: 10 x 17, wooden bullnose frame 1 x 1/2] - | Reframe | 1 | 325.00 | 325.00 | 21.53 | $ 346.53 |

| | **ASSET** | |
|---|---|---|

| | | |
|---|---|---|
| | **Asset IQ, LLC** | |
| | 1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121 | |

| | |
|---|---|
| **Client:** | **Sawhney, Ramesh & Bhadrwaj, Nina** |
| **Location:** | 45 Oak Bend Rd. South, West Orange, NJ |
| **Claim #:** | 047519006886-Chubb |
| **D/L:** | 02/25/2018 |

| 05/31/19 | **Combined Draft Report** |
|---|---|

**LOCATION:   Attic**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| xSNAR10023 | Art, Ink on Paper, Bouquet [o: 21 1/2 x 17 1/2, a: 15 x 12, signed , art foxed and stained, mat stained, black laquered frame 1 x 3/4] - FAIRFIELD PORTER | TL | 1 | 1,300.00 | 1,300.00 | 86.13 | $ 1,386.13 |
| xSNAR10047 | Art, Lithograph, Blossom Branch [o; 27 x 32, a: 19 x 23, under glass, mold inside, art water stained, frame 1 3/4 x 3/4, signed, numbered 59/120] - KAIKO MOTI | TL | 1 | 1,150.00 | 1,150.00 | 76.19 | $ 1,226.19 |
| xSNAR10022 | Art, Lithograph, Clowns in the News [o: 14 1/2 x 19 3/4, a: 8 x 13, black wooden frame with gold filet 1/2 x 3/4, signed in pencil, art stained and cockled] - JOSEPH HIRSCH | TL | 1 | 800.00 | 800.00 | 53.00 | $ 853.00 |
| xSNAR10012 | Art, Multimedia, "Waterfall #98", Paper Sculpture [unframed, a; 39 x 25, cast paper, signed on verso] - | TL | 1 | 1,100.00 | 1,100.00 | 72.88 | $ 1,172.88 |
| xSNAR10009 | Art, Multimedia, 2 flower pots, Paper Relief [o: 43 x 30, a: 30 1/2 x 22, framed, signed and copyrighted,  3 dimensional , cockled, dirty, float mounted on black paper board] - RICHARD ROYCE | TL | 1 | 1,450.00 | 1,450.00 | 96.06 | $ 1,546.06 |
| xSNAR10015 | Art, Multimedia, 3D Dancer, Paper Sculpture [corner bent at area of signature , building debris inside plastic wrapper, artist's print] - BRUNO LUCCESI | TL | 1 | 1,000.00 | 1,000.00 | 66.25 | $ 1,066.25 |
| xSNAR10014 | Art, Multimedia, Musical Instruments, Paper Sculpture [39 x 24, unframed, slightly cockled, signed] - RICHARD ROYCE | TL | 1 | 1,100.00 | 1,100.00 | 72.88 | $ 1,172.88 |
| SNAR10027 | Art, Multimedia, Skeleton Bird [o: 22 x 41 x 3 1/2, a: 14 x 31, in acrylic box frame, mounted on cloth covered stretcher board, cloth badly stained, art possibly stained, signature on verso, marked #1 on | Restore , Reframe or TL | 1 | 1,175.00 | 1,175.00 | 77.84 | $ 1,252.84 |
| xSNAR10010 | Art, Multimedia, Stacked Shapes [a: 38 x 26, signed twice, paper cockled & water stained] - RICHARD ROYCE | TL | 1 | 1,100.00 | 1,100.00 | 72.88 | $ 1,172.88 |
| xSNAR10003 | Art, Painting, Oil on Board, Still Life Ivy [o: 28 1/2 x 34 1/2, a: 23 x 29, frame: oak curved 2 3/4 x 2, signed lower right, art damaged with large water line in center, canvas lumpy, frame damaged] - | TL | 1 | 2,600.00 | 2,600.00 | 172.25 | $ 2,772.25 |

# ASSET IQ

**Asset IQ, LLC**
1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121

| | |
|---|---|
| **Client:** | Sawhney, Ramesh & Bhadrwaj, Nina |
| **Location:** | 45 Oak Bend Rd. South, West Orange, NJ |
| **Claim #:** | 047519006886-Chubb |
| **D/L:** | 02/25/2018 |

05/31/19 — **Combined Draft Report**

**LOCATION:   Attic**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| xSNAR10006 | Art, Painting, Oil on Canvas Board, Flower Lined Road [o: 17 1/2 x 21 1/2, a: 11 1/2 x 15, frame 3 1/4  x 2 1/2 with liner & filet, signed lower left, tear upper right/center, frame paint flaking, art has | TL | 1 | 2,200.00 | 2,200.00 | 145.75 | $ 2,345.75 |
| xSNAR10005 | Art, Painting, Water Color, Canadian Geese on Willapa Bay [o: 17 1/2 x 21, a: 11 1/2 x 14, frame brown wood 3/4 x 1/2, double matted, art cockled, water stained in center, frame gouged] - LOUIS | TL | 1 | 800.00 | 800.00 | 53.00 | $ 853.00 |
| SNAR10002 | Art, Painting, Water Color, Mountain Scene [o: 13 x 17, a; 8 1/4 x 11 3/4, frame: wooden 1 x 1/2", under glass, metal backed, float mounted, water stains on mat, art cockled, signed lower left, frame | Flatten Art, Reframe | 1 | 1,400.00 | 1,400.00 | 92.75 | $ 1,492.75 |
| xSNAR10008 | Art, Print, Leopard Cubs [o: 15 1/4 x 20 3/4, a: 14 x 19 1/2, frame wood 1/2 x 1/2, from leopard cubs playing by ralph thompson, print ref z 3725, cockled, water stained along bottom edge] - | TL | 1 | 100.00 | 100.00 | 6.63 | $ 106.63 |
| SWAR21018A | Art, Sculpted Paper [o: 20 x 27, a: 12 x 20, box style mat only, wrapped in plastic] - ROYCE | Surface Clean | 3 | 60.00 | 180.00 | 11.93 | $ 191.93 |
| SWAR21018 | Art, Sculpted Paper [o: 17 x 17, in box style mat] - BHEENA | Remat, Surface Clean | 2 | 0.00 | 0.00 | 0.00 | $  0.00 |
| xSNAR10004 | Art, Water Color, Woman on Horse [o: 17 1/2 x 13, a: 11 1/2 x 7 1/2, frame gold gilded 1 x 1, bead detail, signed lower right, mat water stained, art cockled] - CHARLES BURDICK | TL | 1 | 450.00 | 450.00 | 29.81 | $ 479.81 |
| SWAR21022 | Art, Work on Paper, Ink, Woman [o: 19 x 17, under glass, prior damage and glue marks,] - | Surface Clean | 1 | 50.00 | 50.00 | 3.31 | $ 53.31 |
| SWAR21062 | Artwork, Assorted Under Glass [] - | Surface Clean | 50 | 50.00 | 2,500.00 | 165.63 | $ 2,665.63 |
| SWAR21038 | Artworks Assorted Under Glass [assorted small] - | Surface Clean | 9 | 45.00 | 405.00 | 26.83 | $ 431.83 |

| | | |
|---|---|---|
| ![Asset IQ logo] | Client: | **Sawhney, Ramesh & Bhadrwaj, Nina** |
| **Asset IQ, LLC** | Location: | 45 Oak Bend Rd. South, West Orange, NJ |
| 1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121 | Claim #: | 047519006886-Chubb |
| | D/L: | 02/25/2018 |

| 05/31/19 | **Combined Draft Report** |
|---|---|

**LOCATION:    Attic**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| zxSWAC21034 | Case, Instrument, Guitar [15 x 41 x 5, corner bent, hardware pitted] - PAUL REED SMITH | TL | 1 | 200.00 | 200.00 | 13.25 | $   213.25 |
| zxSWAR21054 | Cell [12 x 16, in store bought frame] - | TL | 1 | 0.00 | 0.00 | 0.00 | $   0.00 |
| SWAR21005 | Drawing [o; 21 x 17, vinyl bullnose frame, dated 1955,] - ALBERTO GIOROMANTTI | Surface Clean | 1 | 0.00 | 0.00 | 0.00 | $   0.00 |
| SWAR21057 | Drawing [o: 19 x 17, under glass, signed, dated '75, ap] - TRUMAN | Surface Clean | 1 | 45.00 | 45.00 | 2.98 | $   47.98 |
| SWAR21011 | Drawing, "Nude" [o: 17 x 14, a: 10 x 7, white gallery frame 1/2 x 1/2 damaged, art okay, underglas] - SEYMOUR SHAPIRO | Remat, Reframe | 1 | 0.00 | 0.00 | 0.00 | $   0.00 |
| SWAR21020 | Drawing, Busy Bees [11/175, under glass, #109] - J H DOWD | Surface Clean | 1 | 50.00 | 50.00 | 3.31 | $   53.31 |
| zxSWAR21006 | Etching [black & white, a: 9 x 21torn in multiple places, matted, not framed] - ROBERT LOGAIN? | TL | 1 | 0.00 | 0.00 | 0.00 | $   0.00 |
| SWAR21007 | Etching, "Reclining Indian" [black & white, o: 16 x 26, unframed, 14/16, dated '75, tear on top (not on the art) , dirty, paper slightly crumpled] - TREIMAN | Clean, Flatten, Restore or TL | 1 | 0.00 | 0.00 | 0.00 | $   0.00 |
| SWAR21019 | Etching, Colored, Ships [o: 14 x 18, under glass] - | Surface Clean | 1 | 60.00 | 60.00 | 3.98 | $   63.98 |
| SWAR21017 | Etching, Moulton at the age [o: 25 x 20, under glass, prior damage,] - | Surface Clean | 1 | 0.00 | 0.00 | 0.00 | $   0.00 |

| | | | |
|---|---|---|---|
| **Asset IQ, LLC**<br>1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121 | **Client:** | Sawhney, Ramesh & Bhadrwaj, Nina | |
| | **Location:** | 45 Oak Bend Rd. South, West Orange, NJ | |
| | **Claim #:** | 047519006886-Chubb | |
| | **D/L:** | 02/25/2018 | |
| 05/31/19 | | **Combined Draft Report** | |

**LOCATION:   Attic**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SWAR21029 | Etching, Portrait of Man [o: 24 x 20, under glass, glass cracked] - | Reglaze | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SWAR21030 | Etching, Portrait of Woman [o; 24 x 20, under glass, wooden frame prior damage in corner] - | Surface Clean | 1 | 60.00 | 60.00 | 3.98 | $ 63.98 |
| zxSWAC21055 | Frame [18 x 21, multiple pieces chipped off of guilding] - | TL | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SWAR21059 | Lithograph, Branch in Vase [o: 32 x 26, numbered 99/120, signed] - | Reframe | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| zxSWAR21031 | Lithograph, Colored, The Trout Brook [o: 13 x 18, a: 10 x 16, cockled, reprinted from courier & ives, e f palmer, del] - | TL | 1 | 400.00 | 400.00 | 26.50 | $ 426.50 |
| SWAR21002 | Lithograph, People & Trees on Street [o:25 x 30, harold altman at limited editions, cockled, frame damaged, artist's proof] - ALTMAN | TL or Restore | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SWAR21027 | Lithograph, Tiger [o: 30 x 37, a: 22 x 28, artist's print, under glass, vinyl bullnose frame damaged,  signed, slightly cockled, mat water damage] - MAIA BAGER? | Flatten Art, Reframe | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SNFR10007 | Mirror, Neo Classical Pier style [41 x 24, wood frame, arrow & lyre at top, woodwork broken and missing , melamine backboard] - | Restore | 1 | 2,500.00 | 2,500.00 | 165.63 | $ 2,665.63 |
| SWAR21016 | Painting, Irredescent Birds [o: 17 x 18, under glass, #341, art okay] - M KORNI? | Reframe | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SNAR10019 | Painting, Oil on Canvas [o: 35 x 30, a: 29 1/2 x 25, frame 3 x 1 1/2, paint scraped off in large areas, hole in canvas, misshapen canvas, laquer lifting from frame, signed , dated '94?] - | TL | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |

| | | |
|---|---|---|
| **Asset IQ, LLC**<br>1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121 | **Client:** | **Sawhney, Ramesh & Bhadrwaj, Nina** |
| | **Location:** | 45 Oak Bend Rd. South, West Orange, NJ |
| | **Claim #:** | 047519006886-Chubb |
| | **D/L:** | 02/25/2018 |
| 05/31/19 | | **Combined Draft Report** |

**LOCATION:    Attic**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNAR10035 | Painting, Oil on Canvas [o: 23 x 28 1/2 , a: 18 x 23 !/2, paint badly damaged, water lines, deteriorating, signed] - A. B. DURAND | Restore Art, Reframe | 1 | 18,000.00 | 18,000.00 | 1,192.50 | $ 19,192.50 |
| SWAR21024 | Painting, Oil on Canvas [o: 36 x 24, unframed, dated '79, large dent in canvas] - STERN | Restretch, Surface Clean | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SWAR21042 | Painting, Oil on Canvas , Standing Nude [o: 35 x 22, a: 33 x 20, paint faded in areas, waterline ] - TAUBES | Restore or TL | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SWAR21061 | Painting, Oil on Canvas, "Midnight Dance" [o: 35 x 29, a: 29 x 23, dated 1962, water lines on art] - HS WEINGAERTNER | Restore | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SWAR21013 | Painting, Oil on Canvas, 2 Woman [o: 30 1/2 x 23, a: 29 x 21, canvas rippled, dirty, f: 1 x 3/4, small scratch in paint] - MANTI (MANJY) | Restore , Reframe | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SWAR21015 | Painting, Oil on Canvas, Circular Building [o: 21 x 25, a: 15 x 19, linen liner foxed, frame 3 x 2 , #266] - V BELL? | Surface Clean, Replace liner, reuse frame | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SWAR21014 | Painting, Oil on Canvas, Clown [o: 23 x 24, a: 14 x 15, frame 5 x 4] - VERED (VENED) | Surface Clean | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SWAR21012 | Painting, Oil on Canvas, Flowers in Vase [o: 23 1/2 x 19, a: 19 x 15, paint lifting and missing in places] - T. E. BUTLER | TL or Restore | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| xSNAR10042 | Painting, Oil on Canvas, House on Embankment [o: 30 x 44, a: 20 x 34, prior large tear restored, no signature, paint and canvas badly damaged, gessoed frame 5 1/2  x 2 with filet damaged] - | TL | 1 | 4,000.00 | 4,000.00 | 265.00 | $ 4,265.00 |
| SNAR10034 | Painting, Oil on Canvas, Moon and Sea [o: 21 x 29, a: 15 x 23, dated 1778 or 1878, gesso frame damaged, art water stained , paint lifted at bottom, canvas misshapen, frame 3 x 2 1/2] - BASLING | Restore , Reframe | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |

| | | |
|---|---|---|
| **Asset IQ, LLC** | **Client:** | **Sawhney, Ramesh & Bhadrwaj, Nina** |
| 1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121 | **Location:** | 45 Oak Bend Rd. South, West Orange, NJ |
| | **Claim #:** | 047519006886-Chubb |
| | **D/L:** | 02/25/2018 |

05/31/19 — **Combined Draft Report**

**LOCATION:   Attic**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNAR10028 | Painting, Oil on Canvas, River with Bridge [o: 19 x 23, a: 15 x 19, wooden frame 2 1/4 x 2 1/2, lots of debris on canvas, signed lower left, dated on verso july 1957] - GUY WIGGINS N. A. | Clean Art, Reframe | 1 | 1,400.00 | 1,400.00 | 92.75 | $  1,492.75 |
| SNAR10043 | Painting, Oil on Canvas, Workers in Field [o: 18 x 25. a: 14 x 21, signed (hindi) holes in board, cockled, frame carved wood 2 x 1/2] - | TL or Restore | 1 | 0.00 | 0.00 | 0.00 | $       0.00 |
| SWAR21048 | Painting, Pastel, Rearing Horse "Cheval Debout" [o: 31 x 39, a: 22 x 30, art fallen from mount, no mat, framed under glass., art cockled,] - MOTI | Flatten Art, Remount | 1 | 0.00 | 0.00 | 0.00 | $       0.00 |
| xSNAR10025 | Painting, Pastel, Still Life Fruit [o: 24 x 27, a: 16 x 20, frame 1 3/4 x 1 1/2, fabric liner and angled filet, signed , under glass, art water stained on upper edge,] - B. TAFFORD? | TL | 1 | 2,400.00 | 2,400.00 | 159.00 | $  2,559.00 |
| SWAR21060 | Painting, Watercolor [o: 29 x 23, vinyl bullnose frame delaminating] - BYRON BROW | Reframe | 1 | 0.00 | 0.00 | 0.00 | $       0.00 |
| SNAR10031 | Painting, Watercolor, 3 Works [o: 14 1/2 x 26, a: 6 1/2 x 20, glass broken, signed alr, on verso 2 additional works each 6 x 9 protected by plastic, art cockled, frame has small split] - A L RICHTER | Clean/flatten art, Restore frame or Reframe | 1 | 4,200.00 | 4,200.00 | 278.25 | $  4,478.25 |
| SNAR10033 | Painting, Watercolor, Bank of Pond [o: 22 x 25, a: 15 x 19, under glass, signed, frame 1 x 3/4] - A W MORRILL | Clean Art, Reframe | 1 | 2,200.00 | 2,200.00 | 145.75 | $  2,345.75 |
| SWAR21039 | Painting, Watercolor, Naked People Reclining & Squatting [o: 18 x 24, a: 14 x 18, dated '80, art & mat cockled, signed, prior fold in center of art] - HORISHINIDA?  PECICA | TL or Restore | 1 | 0.00 | 0.00 | 0.00 | $       0.00 |
| SWAR21041 | Painting, Watercolor, Oxen in Village [o; 17 x 21, a: 10 x 14, mat stained, art cockled, wooden frame] - SOMBOOZ? | Restore & Reframe or TL | 1 | 0.00 | 0.00 | 0.00 | $       0.00 |
| SWAR21043 | Painting, Watercolor, Ship on Shore [o: 16 x 21, under glass] - SIMS | Surface Clean | 1 | 50.00 | 50.00 | 3.31 | $      53.31 |

# ASSET IQ

**Asset IQ, LLC**
1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121

| | |
|---|---|
| **Client:** | **Sawhney, Ramesh & Bhadrwaj, Nina** |
| **Location:** | 45 Oak Bend Rd. South, West Orange, NJ |
| **Claim #:** | 047519006886-Chubb |
| **D/L:** | 02/25/2018 |

05/31/19        **Combined Draft Report**

**LOCATION:   Attic**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| xSNAR10046 | Painting, Watercolor, Whirlpool [o: 32 x 23, a: 29 x 22, float mounted, signed, dated '77, " mono print"., metal frame] - RICHARD ROYCE | TL | 1 | 1,400.00 | 1,400.00 | 92.75 | $ 1,492.75 |
| SWAR21033 | Painting, Watercolor, Woman [o: 9 x 12, unframed, numbered 10/72, footprint on artwork] - CAROL | Restore or TL | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SWAR21053 | Painting, Watercolor, Woman with Hat [o: 21 x 17, under glass] - HOWARD CHANDLER CHRISTY | Surface Clean | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SWAC21037 | Panel, Asian Screen [each individual piece 36 x 12, enameled] - | Surface Clean | 7 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SWAR21026 | Paper Sculpted Fan [o: 16 x 20, mat missing] - B B TAYLOR | Replace Mat, Surface Clean | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SWAR21021 | Photo, Cut Glass, "Glassware" [under glass, noted as progress assignment, mrt #4, , water mark on backing, photo glued to backboard, foxing, o: 21 x 17, a: 10 x 13] - KIAN KEUM JA | Restore photo, replace backboard or TL | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| xSNAR10016 | Photograph, "Wireless Telegraphy", Photo of Edison & Hutchinson [o: 10 x 12, a: 6 1/2 x 8 1/2, small left piece of photo torn, mounting board broken top & bottom, signed (edison plus illegible) , inscribed | TL | 1 | 500.00 | 500.00 | 33.13 | $ 533.13 |
| SWAR21010 | Photograph, Military Figure [o: 13 x 10, a: 10 x 8, black wooden frame 1/2 x 1/2, under glass, mount board cockled & water stained, photo ok] - | Remount, Reframe | 1 | 150.00 | 150.00 | 9.94 | $ 159.94 |
| SWAR21009 | Photograph, Military Ship [o: 12 1/2 x 9 1/2, a: 10 x 8, black wooden frame 1/2 x 1/2, under glass, mount board cockled & water stained] - | Remount, Reframe | 1 | 150.00 | 150.00 | 9.94 | $ 159.94 |
| xSNAR10044 | Photograph, Windings in Holland [o; 15 x 17, a: 7 x 9, signed, float mounted on paper, paper badly stained, signed and title on stained mount board, photo ok] - WALLACE NUTTING | TL | 1 | 150.00 | 150.00 | 9.94 | $ 159.94 |

| | | **Client:** | Sawhney, Ramesh & Bhadrwaj, Nina |
| | | **Location:** | 45 Oak Bend Rd. South, West Orange, NJ |
| | | **Claim #:** | 047519006886-Chubb |
| **Asset IQ, LLC**<br>1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121 | | **D/L:** | 02/25/2018 |
| | 05/31/19 | | **Combined Draft Report** |

**LOCATION:   Attic**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SWAR21046 | Poster, Lilo Raymond [o: 18 x 21, under glass, #203] - | Surface Clean | 1 | 45.00 | 45.00 | 2.98 | $ 47.98 |
| xSNAC10041 | Poster, Monet Years at Giverny [unframed, 30 x 24, on foamboard] - | TL | 1 | 75.00 | 75.00 | 4.97 | $ 79.97 |
| xSNAC10045 | Poster, Porsche [o: 28 x 22, a: 22 x 16, framed under glass, glass broken,metal frame] - | TL | 1 | 250.00 | 250.00 | 16.56 | $ 266.56 |
| xSNAC10024 | Poster, The Andre Meyer Galleries [37 x 24, unframed , on foamboard] - | TL | 1 | 75.00 | 75.00 | 4.97 | $ 79.97 |
| zxSWAC21028 | Poster, Van Dongen [32 x 23, standard metal poster frame] - | TL | 1 | 75.00 | 75.00 | 4.97 | $ 79.97 |
| SWAR21052 | Print, Country House with Sidewalk [o: 21 x 17, a: 12 x 15, signed, copyright wallace nutting] - NETHERCATE | Reframe | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |
| SWAR21045 | Print, Cows in Water [27 x 32, under glass] - | Surface Clean | 1 | 50.00 | 50.00 | 3.31 | $ 53.31 |
| SWAR21051 | Print, Gentleman [o: 15 x 12, under glass, prior foxing] - | Surface Clean | 1 | 50.00 | 50.00 | 3.31 | $ 53.31 |
| SWAR21058 | Print, Nobels at Table [20 x 27, under glass] - | Surface Clean | 1 | 50.00 | 50.00 | 3.31 | $ 53.31 |
| zxSWAR21056 | Print, Seated Woman with Dog [o: 29 x 22, a: 21 x 13, signed, art stained in corner, matted & framed] - | TL | 1 | 0.00 | 0.00 | 0.00 | $ 0.00 |

| | | Client: | **Sawhney, Ramesh & Bhadrwaj, Nina** |
|---|---|---|---|
| | | Location: | 45 Oak Bend Rd. South, West Orange, NJ |
| | **Asset IQ, LLC** | Claim #: | 047519006886-Chubb |
| | 1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121 | D/L: | 02/25/2018 |

| 05/31/19 | **Combined Draft Report** |
|---|---|

**LOCATION:   Attic**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SWAR21050 | Print, US Military Academy [14 x 18, under glass] - | Surface Clean, Reback | 1 | 0.00 | 0.00 | 0.00 | $     0.00 |
| SWAC21040 | Print, Winter Time on the Farm [o: 13 x 17 , a: 10 x 14, reproduction, under glass, stain in corner of art, frame separating] - | TL or Restore, Reframe | 1 | 400.00 | 400.00 | 26.50 | $   426.50 |
| SWAR21044 | Sculpted Paper []: 17 x 14, a: 12 x 8, multimedia,] - ROYCE | Surface Clean | 2 | 50.00 | 100.00 | 6.63 | $   106.63 |
| xSNAR10017 | Sculpture [stone or marble, broken into multiple pieces, wooden base 1 1/2 x 5 1/2 x 7] - | TL | 1 | 0.00 | 0.00 | 0.00 | $     0.00 |
| SWAR21035 | Sculpture [22 x 29 x 4, plaster like, packaged in wooden case with possible damage to case] - KEN NOLAN | TBD | 1 | 0.00 | 0.00 | 0.00 | $     0.00 |
| SWAR21036 | Sculpture [plaster surrounded by wooden sides, plaster cracked] - KEN NOLAN | Restore | 1 | 920.00 | 920.00 | 60.95 | $   980.95 |
| SNAR10018 | Sculpture, Drawer [wooden, 6 x 15 x 23] - KEN NOLAN | TBD | 1 | 0.00 | 0.00 | 0.00 | $     0.00 |
| xSNAR10036 | Sculpture, Space Shuttle, Homage to Calder [48 x 20, tip broken, textured shaped pulp] - RICHARD ROYCE | TL | 1 | 1,200.00 | 1,200.00 | 79.50 | $ 1,279.50 |
| SNAR10032 | Sculpture, Torso with hand and belt [hollow molded paper, 27 x 13] - JUDY CHICAGO | Clean? | 1 | 0.00 | 0.00 | 0.00 | $     0.00 |
| xxSNAC10040 | Track Drafting Machine [model I] - MUTOH | TL | 1 | 800.00 | 800.00 | 53.00 | $   853.00 |

| | |
|---|---|
| **Asset IQ, LLC**<br>1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121 | **Client:** Sawhney, Ramesh & Bhadrwaj, Nina<br>**Location:** 45 Oak Bend Rd. South, West Orange, NJ<br>**Claim #:** 047519006886-Chubb<br>**D/L:** 02/25/2018 |

**05/31/19** | **Combined Draft Report**

**LOCATION:   Attic**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNAC10038 | Wall Hanging, Carved Wood [27 x 21 x 3, lots of sheet rock dust] - | Clean | 1 | 400.00 | 400.00 | 26.50 | $   426.50 |
| SWAR21047 | Watercolor, "Baby Leopard on a Rock" [o: 16 x 23, under glass] - RALPH THOMPSON | Surface Clean | 1 | 0.00 | 0.00 | 0.00 | $   0.00 |
| SWAR21032 | Work on Paper [o; 9 x 8, under glass] - | Surface Clean | 4 | 40.00 | 160.00 | 10.60 | $   170.60 |
| SWAR21004 | Work on Paper, Etching & Dry Paint, Portrait Richard Royc [o: 33 24, a: 11 1/2 x 8 1/2, glazing broken, signed on mat, bat 1975, art okay, metal frame] - RAPHAEL  XXX | Replace Glazing, Surface Clean | 1 | 0.00 | 0.00 | 0.00 | $   0.00 |
| SWAR21003 | Work on Paper, Graphite [o: 17 x 16, a: 9 x 12, wood frame] - W R MILLER | Reback, Surface Clean | 1 | 0.00 | 0.00 | 0.00 | $   0.00 |
| SWAR21023 | Work on Paper, Multimedia, "Collage Ameri Indian 2" [o: 24 x 20, a: 16 x 12, unframed, matted only, backboard water stained, paper unglued] - ROYCE | Restore or TL | 1 | 0.00 | 0.00 | 0.00 | $   0.00 |
| SWAR21008 | Work on Paper, Pastel Chalk [o: 28 x 15, a: 12 x 10, under glass] - CHAGALL | Surface Clean | 1 | 0.00 | 0.00 | 0.00 | $   0.00 |
| SWAR21001 | Work on Paper, Sculpted Paper [] - ROYCE | Surface Clean | 7 | 60.00 | 420.00 | 27.83 | $   447.83 |
| SWAR00002 | Work on Paper, Sculpted Paper [39 x 25, unframed, signed, corner bent] - ROYCE | Restore corner, surface clean | 1 | 500.00 | 500.00 | 33.13 | $   533.13 |
| SWAR21025 | Work on Paper, Sculpted Paper, Diagonal Lines [o: 40 x 27, in partial wrapper, unframed, box style mat,] - BHEEMA | Surface Clean | 1 | 60.00 | 60.00 | 3.98 | $   63.98 |

**Asset IQ, LLC**
1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121

| | |
|---|---|
| **Client:** | **Sawhney, Ramesh & Bhadrwaj, Nina** |
| **Location:** | 45 Oak Bend Rd. South, West Orange, NJ |
| **Claim #:** | 047519006886-Chubb |
| **D/L:** | 02/25/2018 |

05/31/19 — **Combined Draft Report**

**LOCATION:   Attic**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SWAR21049 | Work on Paper, Three Indians [o: 21 x 17, under glass, art off mount, in store bought frame, backing paper water stained] - | Reframe , Store Bought | 1 | 0.00 | 0.00 | 0.00 | $     0.00 |

| Location Total | | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|
| | **Attic** | **76,405.00** | **5,061.91** | **$ 81,466.91** |

**LOCATION:   Bedroom**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNAR10052 | Sculpture, Wooden, Goddess [broken, 18"(h) , base 6" oval,] - | Restore | 1 | 2,000.00 | 2,000.00 | 132.50 | $ 2,132.50 |
| xSNFR10053 | Table, Side [single drawer, 3 legged stem, finish hazy and discolored, a few small veneer pieces missing, metal paw feet, prior red stain and glass ring] - HATHAWAYS | Restore | 1 | 2,200.00 | 2,200.00 | 145.75 | $ 2,345.75 |

| Location Total | | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|
| | **Bedroom** | **4,200.00** | **278.25** | **$ 4,478.25** |

**LOCATION:   Greenhouse**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNAR10058 | Art, Cast Pulp [24 x 20, unframed, whate, dirt line along bottom, pieces falling off inside of storage bag] - LARRY RIVERS | Restore or TL | 1 | 4,141.00 | 4,141.00 | 274.34 | $ 4,415.34 |
| xxSNAR10059 | Art, Cast Pulp [o: 8 x 12, a: 4 x 7, unframed, matted only, textured linen like paper, on foamboard] - RICHARD ROYCE | TL | 2 | 150.00 | 300.00 | 19.88 | $   319.88 |
| xxSNAR10060 | Art, Cast Pulp [matted only, unframed, 24 x 24, textured linen look paper,] - ATTRIBUTED TO ROYCE | TL | 3 | 635.00 | 1,905.00 | 126.21 | $ 2,031.21 |

| | | |
|---|---|---|
| **Asset IQ, LLC** | **Client:** | Sawhney, Ramesh & Bhadrwaj, Nina |
| 1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121 | **Location:** | 45 Oak Bend Rd. South, West Orange, NJ |
| | **Claim #:** | 047519006886-Chubb |
| | **D/L:** | 02/25/2018 |
| 05/31/19 | | **Combined Draft Report** |

**LOCATION:   Greenhouse**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| xxSNAR10062 | Art, Cast Pulp, Dancer [white, artist print, signed, 29 x 26, wrapped in plastic, molded] - BRUNO LUCCESI | TL | 1 | 1,200.00 | 1,200.00 | 79.50 | $ 1,279.50 |
| xxSNAR10061 | Art, Ditych [larger piece :30 x 21 , smaller piece 16 x 16,  on verso, statuary/silver/rest] - | TL | 1 | 975.00 | 975.00 | 64.59 | $ 1,039.59 |
| xxSNAR10067 | Art, Drawing [17 x 11, unframed, distroyed by mold] - CAROL GREENE | TL | 1 | 150.00 | 150.00 | 9.94 | $ 159.94 |
| xxSNAR10066 | Art, Drawing, Charcoal, Man in Hat [17 x 11, unframed, matted,] - CAROL GREENE | TL | 2 | 150.00 | 300.00 | 19.88 | $ 319.88 |
| xxSNAR10069 | Art, Drawing, Reclining Nude [17 x 11, unframed] - CAROL GREENE | TL | 1 | 150.00 | 150.00 | 9.94 | $ 159.94 |
| xxSNAR10068 | Art, Drawing, Seated Man [17 x 11, unframed, on green paper] - CAROL GREENE | TL | 1 | 150.00 | 150.00 | 9.94 | $ 159.94 |
| xxSNAR10064 | Art, Painting [unframed, 4 x 6, matted,] - CAROL GREENE | TL | 3 | 60.00 | 180.00 | 11.93 | $ 191.93 |
| xxSNAR10065 | Art, Painting [10 x 8, matted only, molded] - CAROL GREENE | TL | 2 | 95.00 | 190.00 | 12.59 | $ 202.59 |
| xxSNAR10063 | Art, Triptych [a; 20 x 13, matted, unframed, signed] - RICHARD ROYCE | TL | 1 | 1,150.00 | 1,150.00 | 76.19 | $ 1,226.19 |
| xxSNMD10070 | Stationary [assorted custom made cards] - | TL | 1 | 100.00 | 100.00 | 6.63 | $ 106.63 |

*page 13*

| ASSET IQ | | |
|---|---|---|
| Asset IQ, LLC | | |
| 1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121 | | |

| | |
|---|---|
| Client: | Sawhney, Ramesh & Bhadrwaj, Nina |
| Location: | 45 Oak Bend Rd. South, West Orange, NJ |
| Claim #: | 047519006886-Chubb |
| D/L: | 02/25/2018 |

| 05/31/19 | **Combined Draft Report** |
|---|---|

| Location Total | | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|
| | Greenhouse | 10,891.00 | 721.56 | $ 11,612.56 |

**LOCATION:  Outdoors**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| xxSNFR10071 | Planter, Pair [antique stone, 14"(h) x 18" inside diameter , (23" outside diameter), with handles, one smashed] - | TL | 1 | 4,500.00 | 4,500.00 | 298.13 | $  4,798.13 |
| xSNAC10072 | Weather Vane [gray painted metal, top piece with arrow motif and scrolled leaf, approx 33 x 41] - | Restore | 1 | 800.00 | 800.00 | 53.00 | $   853.00 |

| Location Total | | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|
| | Outdoors | 5,300.00 | 351.13 | $ 5,651.13 |

**LOCATION:  Spiral Staircase**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| xSNAR10056 | Photograph [o; 20 x 16, sandwiched in acrylic frame] - | OK | 7 | 0.00 | 0.00 | 0.00 | $   0.00 |
| xSNAR10057 | Photograph, Rani Shankar [o:  20 x 16, in acrylic frame, cockled, dated '95] - BARRIE WENTZELL | TL | 1 | 500.00 | 500.00 | 33.13 | $   533.13 |

| Location Total | | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|
| | Spiral Staircase | 500.00 | 33.13 | $   533.13 |

**LOCATION:  Upstairs Hallway**

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| SNAR10054 | Painting, Guache, Village [o" 15 1/2 x 20 3/4, a: 10 x 15, signed, dated 1931, frame twisted, art warped, frame 1 x 1] - F B YALAVATTI | Flatten Art, Reframe or TL | 1 | 1,300.00 | 1,300.00 | 86.13 | $ 1,386.13 |

# Asset IQ, LLC
1 Reserve Rd., Danbury, CT 06810 - (203) 775-7121

| | |
|---|---|
| **Client:** | **Sawhney, Ramesh & Bhadrwaj, Nina** |
| **Location:** | 45 Oak Bend Rd. South, West Orange, NJ |
| **Claim #:** | 047519006886-Chubb |
| **D/L:** | 02/25/2018 |

05/31/19 | **Combined Draft Report**

**LOCATION:** Upstairs Hallway

| ID / Lot No. | Description | Remedy | Qty | U. Cost | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|---|---|---|
| **xSNAR10055** | Painting, People and White Birch Trees [o; 37 x 25, a: 35 x 23, under glass, dated '98, signed, art cockled, frame stained & seam opening] - TABINDA CHINOY | TL | 1 | 2,000.00 | 2,000.00 | 132.50 | $ 2,132.50 |

| Location Total | | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|---|
| | **Upstairs Hallway** | **3,300.00** | **218.63** | **$ 3,518.63** |

### Report Summary

| | Ext. Cost | Tax | Tot. Loss |
|---|---|---|---|
| **Loss Total** | **100,596.00** | **6,664.61** | **$ 107,260.61** |