UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMESH SAWHNEY and NINA BHARDWAJ,<br><br>Plaintiffs,<br><br>v.<br><br>CHUBB INSURANCE COMPANY OF NEW JERSEY,<br><br>Defendant. | Docket Number: 2:21-cv-14675 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY**

George McClellan, Esquire
Bar ID No. 1339-2000
**McClellan Bernstiel LLP**
103 Carnegie Center, Suite 300
Princeton, New Jersey 08540
Office: 609.200.0570
Cell: 609.468.0127
Fax: 888.230.4245
george@mcbelegal.com

Counsel for Defendant
Chubb Insurance Company of New Jersey

---
```
```

## **Table of Contents**

I.     Introduction .................................................................................................................. 1

II.    Procedural History ...................................................................................................... 1

III.   Legal Argument .......................................................................................................... 2

IV.   Conclusion .................................................................................................................. 3

# **Table of Authorities**

## **Cases**

*Bayer AG v. Schein Pharm., Inc.*, 129 F. Supp.2d 705, 716 (D.N.J. 2001), *aff'd sub nom. Bayer AG v. Schein Pharms., Inc.*, 301 F.3d 1306 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . 2

*D'Alessandro v. Bugler Tobacco Co.*, No. CIV A 05-5051 JBS, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Elizabethtown Water Co. v. Hartford Casualty Ins. Co.*, 998 F. Supp. 447, 458 (D.N.J.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Santiago v. City of Vineland*, 107 F.Supp.2d 512, 553 (D.N.J. 2000) . . . . . . . . . . . . . . . . . . 2

I.  **Introduction**

Defendant Chubb Insurance Company of New Jersey ("Defendant") respectfully submits this memorandum of law in support of its motion to strike the materials that Plaintiffs Ramesh Sawhney and Nina Bhardqaj ("Plaintiffs") submitted on November 15, 2022 under docket numbers 42, 42-1, and 42-2 to quash the subpoena *duces tecum* (the "Subpoena") that Defendant served upon non-party Simon Parkes ("Parkes"). In the alternative, Defendant respectfully requests leave to file the memorandum of law and exhibits attached to the Certification of Cynthia L. Bernstiel, Esq. ("Bernstiel Cert.") in sur-reply to the materials that Plaintiffs submitted under docket numbers 42, 42-1, and 42-2.

II.  **Procedural History**

On November 4, 2022, Plaintiffs filed a letter (the "November 4 Letter") asking the Court to quash the Subpoena. *See* Dkt. No. 37. Plaintiffs wrote that Parkes is "a consultant (art conservationist) hired by plaintiffs after this litigation was commenced for the purposes of this litigation. Mr. Parkes was subsequently dismissed by plaintiffs as he started to examine the artwork at issue when he insisted on a public running commentary and conversation with defendant's art expert about the substance of this case against the wishes of plaintiffs." Dkt. No. 37.

On November 8, 2022, Defendant opposed Plaintiffs' application and argued that Plaintiffs had failed to sustain their burden of proof that Parkes was retained or specially employed as a non-testifying expert in anticipation of litigation or to prepare for trial. *See* Dkt. No. 39. Even though Defendant did not bear the burden of proof in opposing Plaintiffs' application to quash, Defendant submitted evidence that Plaintiffs had not retained Parkes. *See* Dkt. No. 39-1. In addition, Defendant argued that Plaintiffs failed to introduce any evidence

regarding the scope of expertise that Plaintiffs supposedly sought from Parkes thereby preventing any evaluation of whether the discovery sought by the Subpoena fell within the scope of Parkes' supposed retention. *See* Dkt. No. 39.

On November 15, 2022, Plaintiffs submitted factual certifications from Ramesh Sawhney and Nina Bhardqaj. *See* Dkt. Nos. 42, 42-1, 42-2. In these certifications, Plaintiffs introduced new evidence about the alleged retention of Parkes as well as new evidence that demonstrates a waiver of the protection afforded under Rule 26(b)(4)(D). *See ibid.*

III. **Legal Argument**

"A moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief." *D'Alessandro v. Bugler Tobacco Co.*, No. CIV A 05-5051 JBS, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007). "'It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted.'" *Bayer AG v. Schein Pharm., Inc.*, 129 F. Supp.2d 705, 716 (D.N.J. 2001) (granting motion to strike arguments that were not raised in moving brief), *aff'd sub nom. Bayer AG v. Schein Pharms., Inc.*, 301 F.3d 1306 (Fed. Cir. 2002) (quoting *Elizabethtown Water Co. v. Hartford Casualty Ins. Co.*, 998 F. Supp. 447, 458 (D.N.J.1998)). "The rationale for this rule is self-evident-because the local rules do not permit sur-reply briefs, *see* L. Civ. R. 7.1(d), a party opposing summary judgment has no opportunity to respond to newly minted arguments contained in reply briefs." *Ibid.* (citing *Santiago v. City of Vineland*, 107 F.Supp.2d 512, 553 (D.N.J. 2000)).

Here, on November 4, 2022, Plaintiffs presented no evidence whatsoever in support of their self-serving contention that Parkes is "a consultant (art conservationist) hired by plaintiffs after this litigation was commenced for the purposes of this litigation." Dkt. No. 37. Only after

Defendant submitted its opposition that Plaintiffs had failed to sustain their burden of proof did Plaintiffs submit any evidence whatsoever. *See* Dkt. Nos. 42, 42-1, 42-2. Plaintiffs' new factual materials raise new legal issues. Because Plaintiffs improperly submitted these new factual materials and raised new legal issues in their reply, Defendant has been unfairly deprived of an opportunity to respond thereto. Therefore, it is appropriate to strike the materials that Plaintiffs submitted under docket numbers 42, 42-1, and 42-2 from the record.

In the alternative, this Court could grant Defendant leave to file the memorandum of law and exhibits attached to the Bernstiel Cert. in sur-reply to the materials that Plaintiffs submitted under docket numbers 42, 42-1, and 42-2.

IV.   **Conclusion**

Defendant respectfully requests that this Court strike the materials that Plaintiffs submitted on November 15, 2022 under docket numbers 42, 42-1, and 42-2 to quash the subpoena *duces tecum* that Defendant served on Simon Parkes. In the alternative, Defendant respectfully requests leave to file the memorandum of law and exhibits attached to the Certification of Cynthia L. Bernstiel, Esq. ("Bernstiel Cert.") in sur-reply to the materials that Plaintiffs submitted under docket numbers 42, 42-1, and 42-2.

Dated: November 21, 2022                              **McCLELLAN BERNSTIEL, LLP**

                                                               **By:**   /s/ George McClellan
                                                                              GEORGE McCLELLAN