# LAW OFFICES OF RICHARD A. FOGEL, P.C.

*AV RATED/BEST'S RECOMMENDED INSURANCE ATTORNEY*

RICHARD A. FOGEL, ESQ.
389 CEDAR AVENUE
ISLIP, N.Y. 11751-4627
(516) 721-7161
(631) 650-5254 (FAX)
RFOGEL@RFOGELLAW.COM

Insurance Coverage, Toxic Torts, Environmental,
Product Liability & Commercial Litigation
New York & New Jersey
www.rfogellaw.com

December 21, 2023

**<u>VIA DNJ ECF</u>**
Hon. Leda Dunn Wettre
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, N.J. 07101

      Re:    *Sawhney v. Chubb Insurance Company of New Jersey*
                Docket No. 2:21-cv-14675-KSH-LDW

Your Honor:

      This firm represents the plaintiffs in the above referenced insurance coverage litigation. I write to request that the Court assist in scheduling the expert depositions ordered by the court to be completed by January 31, 2024 (Doc. 88).

      Plaintiff produced their expert disclosures prior to the last court conference and amended scheduling order. Chubb produced expert reports on November 30, 2023, the last day they were due but did not produce expert qualification required by FRCP 26(a)(2)(B)(iv) until December 4, 2023. On December 14, 2023 I emailed Chubb's counsel with a proposed expert deposition schedule that complies with the order that states as follows:

> *Plaintiffs: Want to pick dates for the expert deps? They are ordered to be done by 1/31/24 and we have the holidays. We both need to give our experts some notice so maybe two a week in January? I have not checked with any witnesses – just proposing possible dates for you and I, so obviously subject to their availability.*
>
> *1/5 Bonnie Kagan*
> *1/9 Ken Lindsner*
> *1/12 Alan Firkser*
> *1/16 Morning Slater*
> *1/19 Sheldon Rabinovitz*

Hon. Leda Dunn Wettre
December 21, 2023
Page 2 of 3

> *1/23 Diane Forstell*
> *1/26 Andrea Pitsch*
> *1/30 Rebecca Ellis*
>
> *Defendant: Thanks Richard. We will float this by Chubb and get back to you shortly*

Having not heard from counsel for a week, I emailed counsel on December 21 and this is what ensued:

> *Plaintiffs: It has been a week, George. Please advise today.*
>
> *Defendant: Hi Richard. We need to coordinate a lot of calendars on our side. Also, we need to check the cases about your ability to depose Forstell and Pitsch a second time absent leave of court.*
>
> *Plaintiffs: This is the first time you are raising this issue after more than a year of litigation. They were deposed as fact witnesses which they are. I am entitled to question them on their expert reports. It is not my intention to ask the same questions obviously as that would be waste of both our time. I have to give my experts some notice to comply with the schedule which may already be impossible. If you can't get back to me today I will ask the court to get involved.*
>
> *Defendant: You sent the email indicating that you wanted to depose Forstell and Pitsch a second time seven days ago (not more than a year ago), and I said that I would get back to you. No one consented to Plaintiffs' request to depose either of them a second time. We are currently looking into whether you can seek to depose them a second time without leave of court. If Plaintiffs are not permitted to depose them a second, time, it obviously impacts the schedule. In addition, with respect to coordinating the logistics of the scheduling, I will not be able to get back to you today. We likely will need to arrange for the depositions of Plaintiffs' witnesses later in the month of January 2024, but I am not sure just yet.*
>
> *Plaintiff: I will write the court.*
>
> *Defendant: That is fine. We should have dates for your experts either tomorrow or early next week. If you cannot wait until then, we will simply respond to whatever you submit to the Court.*

The email messages speak for themselves. I respectfully note that Chubb did not designate fact witnesses Forstell and Pitsch as experts for this litigation until its expert reports were produced on November 30, 2023 and the witnesses' CVs produced on December 4, 2023. At no point did plaintiffs indicate that they were waiving any rights to depose experts when fact depositions were conducted and there is no authority for Chubb to refuse expert depositions when it chooses to subsequently elect fact witnesses as expert

Hon. Leda Dunn Wettre
December 21, 2023
Page 3 of 3

witnesses and provide a subsequent expert report after factual depositions. There is no reason for it to take a week for counsel to tell me if proposed dates are good for counsel's calendar. I made it clear that I had not yet checked with the witnesses about their calendars and that both sides would have to accommodate expert availability. I am trying to comply with a court ordered deadline and keep the case moving.

I am available for a conference at any time today or tomorrow at the court's convenience.

Thank you for your time and consideration.

Respectfully submitted,

*Richard A. Fogel*

Richard A. Fogel

cc: Cynthia Bernstiel, Esq., George McClellan by ECF