RICHARD A. FOGEL, ESQ. (16601987)
LAWRENCE I. SINGER, ESQ. (*Of Counsel*) (169382015)
LAW OFFICES OF RICHARD A. FOGEL, P.C.
389 Cedar Avenue
Islip, New York 11751-4627
(516) 721-7161
(631) 650-5254 (Fax)
*rfogel@rfogellaw.com*
*lis@charlesasinger.com*
Counsel for Plaintiffs

| | |
|---|---|
| RAMESH SAWHNEY and NINA, BHARDWAJ<br><br>Plaintiffs,<br><br>v.<br><br>CHUBB INSURANCE COMPANY OF NEW JERSEY,<br><br>Defendant. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>Civil Action No. 21-14675 (KSH)(LDW) |

# MEMORANDUM OF LAW IN OPPOSITION TO CHUBB'S MOTION TO DISMISS THE THIRD AND FOURTH CAUSES OF ACTION

*Respectfully Submitted,*

*Richard A. Fogel, Esq.*
*Lawrence I. Singer, Esq. (Of Counsel)*
*Law Offices of Richard A. Fogel, P.C.*
*389 Cedar Avenue*
*Islip, New York 11751-4627*

*Counsel for Plaintiffs*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ……………………………………………………………1

INTRODUCTION……………………………………………………………………….3

THE APPLICABLE LEGAL STANDARD……………………………………………...4

ARGUMENT…………………………………………………………………………….5

      POINT I: Plaintiffs' Third Cause of Action for Defendant's Violation of the CFA States a Claim and Chubb's Motion Should Be Denied……………….5

      POINT II: Plaintiffs' Fourth Cause of Action for Conversion States a Claim and Chubb's Motion Should Be Denied……………………………………………8

      POINT III: Should this Court Find the Allegations of the Third or Fourth Cause of Action Insufficient, Leave to Amend the Complaint Should be Granted..................................................................................................................12

Conclusion……………………………………………………………………………...12

# TABLE OF AUTHORITIES

## Cases

*Adami v. Cardo Windows, Inc.*, 2014 WL 2586933 (D.N.J. June 10, 2014)……..…8

*Alpizar-Falls v. Favero,* 908 F. 3d 910 (3rd Circ., 2018)…………………………...6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)…………………………………………….4

*Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 647 A.2d 454 (1994)……………………6

*Eastern Concrete Materials, Inc. v. Jamer Materials Limited*, 2019 WL 6734511 (D.N.J. Oct. 25, 2019)……………………………………………………………...8

*Eastern Concrete Materials, Inc. v. Jamer Materials Limited,* 2019 WL 6726476 (D.N.J. Dec. 10, 2019)……………………………………………………………..8

*Foman v. Davis*, 371 U.S. 178 (1962)……………………………………………….12

*FraBerger v. Montague, P.C. v. Scott & Scott, LLC,* 153 F. Supp. 2d 750 (E.D. Pa. 2001)……………………………………………………………………………………10

*In re Lipitor Antitrust Litigation*, 336 F. Supp. 3d 395 (D.N.J. 2018)……………...4

*Kam Intern v. Franco Mfg. Co. Inc.,* 2010 WL 5392871 (D.N.J. Dec. 22, 2010)...10

*Koch Materials Co. v. Shore Slurry Seal, Inc.,* 216 F.R.D. 301(D.N.J. 2003)……12

*Lemelledo v. Beneficial Management Corp.*, 150 N.J. 255, 696 A.2d 546 (1997)…6

*Reddy v. Patel*, 2017 WL 1709595 (D.N.J. May 1, 2017)…………………………8

*Syncsort Inc. v. Sequential Software, Inc.*, 50 F. Supp. 2d 318 (D.N.J. 1999)..........4

*Weiss v. First Unum Life Insurance Co.*, 482 F.3d 254 (3rd Cir. 2007)……………..6

*Wireless Media Innovations, LLC v. Maher Terminals, LLC*, 100 F. Supp. 3d 405 (D.N.J. 2015)…………………………………………………………………………4

## **Statutes and Rules**

New Jersey Consumer Fraud Act, N.J.S.A. §56:8-2 *et seq*……………….3, 5-8, 12

Fed. R. Civ. P. 7(b)………………………………………………………………….3

Fed. R. Civ. P. 8(e)(2)……………………………………………………….……10

Fed. R. Civ. P. 12(b)(6)……………………………………………………….……4

Fed. R. Civ. P. 12(c)……………………………………………………………...3, 4

Fed. R. Civ. P. 15(a)(2)……………………………………………………………12

Fed. R. Civ. P. 56……………………………………………………………….3, 12

## **INTRODUCTION**

This memorandum of law is respectfully submitted on behalf of plaintiffs/insureds Ramesh Sawhney and his wife, Nina Bhardwaj in opposition to Defendant Chubb Insurance Company's motion, pursuant to Fed. R. Civ. P. 12(c).[1] Defendant, on the eve of trial, and having already filed (and lost) a Rule 56 summary judgment motion, now, for the first time, attempts to argue two causes of action of the verified complaint (Doc. No. 1) should be dismissed for failure to state a claim: (i) the third cause of action for defendant's violation of the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-2 ("CFA"); and (ii) the fourth cause of action for defendant's conversion of plaintiffs' property.  Defendant's motion is without merit and should be denied in its entirety. Defendant does not meet its heavy burden on this motion to dismiss the pleadings. The third and fourth causes of action state legally competent causes of action supported by sufficient factual allegations and should properly be submitted to a jury for a determination of defendant's liability.

---

[1] Defendant's motion fails to comply with the most basic requirements of Fed. R. Civ. P. 7(b) insofar as neither defendant's Notice of Motion (Doc. No. 116) nor its proposed Order (Doc. No. 116-1) identifies the statutory basis for the relief defendant seeks (*i.e.* under Fed. R. Civ. P. 12(c)).  Defendant's haphazard and non-compliant papers belie the fact that its motion was thrown together as an afterthought in an attempt to further delay this matter and substantively has no merit.

3

# THE APPLICABLE LEGAL STANDARD

The legal standard for defendant's motion is as follows:

> Federal Rule of Civil Procedure 12(c) permits a party to dismiss a suit "[a]fter the pleadings are closed ... but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings is treated like a motion to dismiss under Rule 12(b)(6)." *Syncsort Inc. v. Sequential Software, Inc.*, 50 F. Supp. 2d 318, 324 (D.N.J. 1999). Under either rule, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Id.* For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Wireless Media Innovations, LLC v. Maher Terminals, LLC*, 100 F. Supp. 3d 405, 407 (D.N.J. 2015) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))[*aff'd,* 636 Fed. Appx. 1014 (Mem) (Fed. Cir 2016)]. As such, "[a] complaint should not be dismissed unless it appears beyond doubt that 'the facts alleged in the complaint, even if true, fail to support the claim.' " *Syncsort Inc.*, 50 F. Supp. 2d at 325.

*In re Lipitor Antitrust Litigation*, 336 F. Supp. 3d 395, 406 (D.N.J. 2018). Defendant must show that, "beyond doubt," the facts alleged in the verified complaint when accepted as true and drawing all reasonable inferences in favor of the plaintiffs, fail to support the claims for defendant's conversion of plaintiffs' property and violation of the CFA. Defendant cannot and does not meet the standard under Fed. R. Civ. P. 12(c) and therefore defendant's motion should be denied in its entirety.

# ARGUMENT

## POINT I: Plaintiffs' Third Cause of Action For Defendant's Violation of the CFA States a Claim and Chubb's Motion Should Be Denied

The CFA prohibits and proscribes conduct in commercial practice which consists of, *inter alia*, deception, fraud, false pretense, misrepresentation, and the like. Paragraphs 97 through 102 of the verified complaint (Doc. No. 1) allege that defendant violated the CFA. Specifically, paragraphs 97 and 98 of the verified complaint, state:

> 97. As a result of Chubb's conduct, to wit: (1) failing to fulfill its contractual obligations to the plaintiffs to fully "repair or replace" the damaged artwork and memorabilia and compensate plaintiffs for any diminution in value in the two plus years since the initial claim was made; (2) failing to pay the appropriate experts McGowan, Kagan and Linsner; (3) causing plaintiffs to be unable to obtain homeowner's insurance for the house by dragging out the claim for more than two years; (4) taking possession of plaintiffs' possessions without taking any action to repair or replace them and provide plaintiffs with a complete inventory and keeping such possessions for no apparent reason while knowing that damages to the possessions are continuing; (5) forcing plaintiffs to retain and pay for counsel more than two years after the claim was first made in order to protect their own rights under the insurance contract; and, (6) delaying the fair and reasonable settlement of the insurance claim by frivolous demands for untimely "examinations under oath" and "proof of claim" long after Chubb waived any applicable coverage defenses; Chubb is in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8 et seq. ("CFA").
> 98. Chubb's conduct constitutes unconscionable commercial practices, deception, fraud, false promises and or material misrepresentations to plaintiffs in violation of the CFA.

5

The Third Circuit, citing the New Jersey Supreme Court, explained in *Alpizar-Falls v. Favero,* 908 F. 3d 910, 915 (3rd Circ., 2018) the CFA "should be construed liberally in favor of consumers."

> In enacting the CFA, the New Jersey Legislature intended to "give New Jersey one of the strongest consumer protection laws in the nation." *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 647 A.2d 454, 460 (1994).

*Id.* at 915. The Third Circuit further held that the CFA applies to insurance contracts, relying upon New Jersey Supreme Court precedent, *Id*. at 916, *citing Lemelledo v. Beneficial Management Corp.*, 150 N.J. 255, 696 A.2d 546 (1997), and Third Circuit precedent, *Weiss v. First Unum Life Insurance Co.*, 482 F.3d 254 (3rd Cir. 2007). The Third Circuit commented that in *Weiss*,

> we highlighted the language of the statute … and *Lemelledo's* "sweeping statements regarding the application of the CFA to deter and punish deceptive insurance practices."

*Id.* at 916. Accordingly, there is controlling precedent from two Third Circuit cases and two New Jersey Supreme Court cases explicitly holding that the CFA applies to insurance contracts and specifically to insurers' conduct of unconscionable commercial practices.

Plaintiff's respectfully submit that they sufficiently alleged unconscionable conduct in the allegations of the verified complaint setting forth that Chubb: (1) took plaintiffs' five million dollar art collection and held it for years without reasonable compensation; (2) caused damages to plaintiffs' five million dollar art collection

6

without reasonable compensation; (3) treated plaintiffs' art collection as Chubb's own possession by permitting Chubb's contractors to remove frames and mats from the art without plaintiffs' permission and moving the art without plaintiffs' permission to multiple locations in multiple states; (4) accused plaintiffs of fraud for seeking adequate compensation for their art collection in Chubb's possession; (5) harassed plaintiffs with pointless and untimely demands for responses to an attorney created twenty-one page interrogatory "proof of loss" for damaged art Chubb had in its possession for years and had examined; (6) harassed plaintiffs by demanding an untimely "examination under oath" of plaintiffs for damage to the art two years after the claim was made where Chubb not only had the art in its possession but had two extensive appraisals of the art by experts that plaintiffs were forced to pay for themselves at a cost of tens of thousands of dollars; (7) decided to not renew the insurance policy after plaintiffs challenged the compensation for the art claim leaving plaintiffs without insurance of any type for the New Jersey house. In view of the foregoing black letter law applying the CFA to insurance contracts and the abundant allegations in support of the claim, Chubb's motion that plaintiffs failed to state a claim under the CFA is without merit.

Chubb inaccurately characterizes the CFA claim as solely for breach of contract for failure to pay insurance benefits. The allegations set forth in the preceding paragraph (items 1-7 in the previous paragraph) go well beyond a simple

7

dispute over insurance benefits. The CFA allegations set forth a pattern of bad faith behavior which, when assessed in its entirety, evinces a pattern of misrepresentation, deception, harassment and unconscionable commercial practices. Plaintiffs suffered an ascertainable, quantifiable loss as defined by the CFA (*i.e.* the loss of their artwork, the expenses they incurred in enforcing their rights as a consequence of defendant's wrongful conduct, etc.), under controlling state and federal law.

### POINT II: Plaintiffs' Fourth Cause of Action for Conversion States a Claim and Chubb's Motion Should Be Denied

As explained by this Court (Wettre, M.J.) in *Eastern Concrete Materials, Inc. v. Jamer Materials Limited*, 2019 WL 6734511 (D.N.J. Oct. 25, 2019), *adopted*, 2019 WL 6726476 (D.N.J. Dec. 10, 2019), *quoting Adami v. Cardo Windows, Inc.*, 2014 WL 2586933 at 15 (D.N.J. June 10, 2014),

> The elements of common law conversion under New Jersey law are (1) the existence of property, (2) the right to immediate possession thereof belonging to plaintiff, and (3) the wrongful interference with that right by defendant…. *See also Reddy v. Patel*, 2017 WL 1709595 (D.N.J. May 1, 2017).

The verified complaint (Doc. 1) alleges the three foregoing elements. Paragraph "1" alleges that defendant took indefinite possession of plaintiffs' extensive museum quality art collection, appraised by independent experts at more than $5.4 million, and paid the insureds $141,767.12 in compensation. Page 10 of the verified complaint further details defendant's conduct in taking possession of plaintiffs' art. Paragraph "65" alleges that in or around May 2020, Aiston Art Movers

8

was hired by defendant to remove the art from Plaintiffs' house. Paragraph "70" alleges that Chubb was notified by plaintiffs that the artwork required immediate attention from a qualified art conservator to *prevent further damage*. Paragraph "71" alleges that defendant did not take any action to clean or repair plaintiffs' art. Paragraph "78" alleges that plaintiffs continued to exchange e-mails with Chubb "throughout 2020 and early 2021" "urging Chubb to take action to repair the items taken by Chubb and explaining that the water damage may be irreversible". Paragraph "72" alleges that certain of Plaintiffs' artwork and memorabilia was and is missing and unaccounted for since Chubb's agents removed the property from Plaintiffs' house.

The foregoing paragraphs clearly allege that defendant took possession of plaintiffs $5.4 million art collection and rock and roll memorabilia without fair compensation, did not return plaintiffs' property, failed to stop or repair the damage and caused further damage to the art, removed frames and mats, lost some of the items and therefore interfered with plaintiffs property rights.

Defendant's reliance upon the "economic loss doctrine" to argue for dismissal of plaintiffs' conversion claim makes no sense. First, defendant utterly mischaracterizes the nature of plaintiffs' conversion claim by incorrectly arguing that plaintiffs are merely seeking to be "compensated" for the property which defendant wrongly took. According to this illogic, so long as defendant eventually pays

9

plaintiffs the insurance benefits plaintiffs are owed (which defendant has not done), defendant can wrongfully retain the artwork, keep it, destroy it, damage it, and not owe any duty to plaintiffs. There is no case law nor clause in the insurance contract[2] that permits indefinite acquisition of the insureds' possession by the insurer without full compensation, damaging the possessions, changing the appearance of the possessions, losing some of the possessions and transporting them around to different locations in different states without consent of the insureds.

    This Court (Martini, J.) in *Kam Intern v. Franco Mfg. Co. Inc.,* 2010 WL 5392871 (D.N.J. Dec. 22, 2010) at 4, rejected the same flawed logic advanced by defendant on this motion:

> Here, the allegedly converted property was not money but rather textiles. Therefore, Plaintiff's claim for conversion does not allege a mere debt, but rather the unauthorized assumption of specific property that is not interchangeable with other similar property (unlike money, which typically is interchangeable with other money). While Plaintiff has also alleged a breach of contract claim seeking monetary damages, Plaintiff is allowed to plead in the alternative and any inconsistencies between the two theories do not render either one invalid. Fed. R. Civ. P. 8(e)(2); *FraBerger v. Montague, P.C. v. Scott & Scott, LLC,* 153 F. Supp. 2d 750, 754 (E.D. Pa. 2001).

Here, as in *Kam Intern*, supra., plaintiffs have a conversion claim for the specific and unique artwork and other property belonging to plaintiffs. The specific artwork

---

[2] There is nothing in the insurance contract (Doc. No. 1-1) which permits defendant to keep plaintiffs' property. At most, defendant would have a salvage right *if* it made full payment of benefits to plaintiffs (which defendant has not done).

10

and rock and roll memorabilia at issue, as alleged in the verified complaint (Doc. No. 1) is unique, nonfungible property, and is of personal significance to plaintiffs since, in some instances, they are personal friends with the artists who created the artwork (Para. 17). Plaintiffs do not allege a mere debt but rather the specific taking of their artwork by defendant which artwork is not interchangeable with other property.

The conversion claim is irrelevant to the insurance contract at issue and constitutes a separate claim from the breach of contract. Conversion seeks damages beyond those sought for breach of the insurance contract. Indeed, the damages for defendant's wrongful taking and destruction of plaintiffs' possessions are not limited by any policy of insurance. Defendant urges this court to hold that an insurer has immunity from common law conversion claims. According to this logic, an insurer has *carte blanche*, to wrongfully take, destroy and indefinitely retain property belonging to its insureds, even where the insurer refuses to pay full compensation for the property. The complaint states a legally cognizable claim for conversion and appropriately seeks damages for defendant's wrongful taking, retention, use and abuse, damage to and loss of plaintiffs' possessions and should be submitted to a jury for determination of defendant's liability.

## POINT III: Should This Court Find the Allegations of the Third or Fourth Cause of Action Insufficient, Leave to Amend the Complaint Should be Granted

Should this Court determine to dismiss either the third (violation of CFA) or fourth (conversion) causes of action, plaintiffs request that they be granted leave to file an amended complaint. Pursuant to FRCP 15(a)(2), this Court may grant plaintiffs leave to amend their complaint, which leave should be freely given when justice so requires. Such leave should be freely given in the absence of reason such as undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice, futility, etc. *Koch Materials Co. v. Shore Slurry Seal, Inc.,* 216 F.R.D. 301, 305 (D.N.J. 2003), *quoting Foman v. Davis*, 371 U.S. 178 (1962). Any delay or prejudice here is the result of defendant's delay in bringing this motion after the close of discovery, after a pretrial order was prepared and subsequent to defendant's losing Rule 56 motion for summary judgment.

## CONCLUSION

Plaintiffs respectfully request that defendant's motion dismissing the third and fourth causes of action of the verified complaint be denied in its entirety, that this matter be marked ready for jury trial, and that plaintiffs be granted such other and

further relief as to this Court is just and proper.

Dated: Islip, N.Y.
      October 31, 2024

                                      *Richard A. Fogel*

                                Richard A. Fogel, Esq. (16601987)
                                Counsel for Plaintiffs